[No. A023869. First Dist., Div. Five. Feb. 14, 1984.]

RICHARD T. BURGER, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
LIVING LOVE CHURCH, INC., Real Party in Interest.

1014

COUNSEL

William F. Whiting, Leslie A. Levy and Whiting, Rubenstein, Swager & Levy for Petitioner.

No appearance for Respondent.

Lawrence W. Schonbrun for Real Party in Interest.

OPINION

LOW, P. J.—By petition for writ of mandate Burger, a defendant in a civil action, seeks review of an order denying his motion to expunge the lis pendens against real property he owns. We hold that the action in which the lis pendens was recorded was not shown to have affected the title or the right of possession of real property within the meaning of Code of Civil Procedure section 409. The lis pendens should have been expunged.

The lis pendens describes two parcels of a resort development in Santa Cruz County known as Brookdale Lodge. One parcel is adjacent to Highway 9 on the north (the Inn) and the other is across the highway to the south (the Lodge). Burger acquired title to both the Inn and the Lodge in 1975. In 1977 one Gus entered into an agreement to buy the Inn and the Lodge from Burger. In March 1978 Gus transferred the Inn back to Burger and Burger then leased the Inn back to Gus.

In August 1979 real party in interest Living Love Church, Inc. (Church) entered into a written agreement with Gus by the terms of which (1) Church

would lease the Inn from Gus, (2) Gus would repair and remodel the Inn in accordance with agreed plans for an agreed price to be paid by Church, and (3) Church would receive an option to purchase the Inn. The agreement recited that title was currently in Burger but indicated that Gus had an option to purchase the Inn.

Over the ensuing several months Church advanced slightly more than $83,000 to Gus for the repair and remodeling work. By the terms of the August 1979 agreement Gus's work on the Inn was to be completed and all labor and material bills paid by February 1, 1980. Church alleges that Gus did no more than a token amount of work and that he diverted almost all of the funds to construct improvements on the Lodge. Gus counters that the funds were applied in accordance with the August 1979 agreement.

On August 6, 1980, Church sued Gus and various other defendants for the $83,000 together with punitive damages, attorney fees, interest and costs. Burger was not named as a defendant. In October 1980 Gus retransferred the Lodge to Burger.

In January 1981 Church for the first time recorded a lis pendens on the Inn and the Lodge. The notice recited that "[t]his action concerns improvements to real property, but does not affect the title and right of possession of said real property. [¶] The object of said action is to obtain a judgment and decree ordering defendants [including Gus] to reimburse plaintiff [Church] for monies claimed expended by it for the improvement of the real property and further to require the defendants to pay money damages to plaintiff."

In June 1981 Church substituted Burger for a Doe as a defendant in the lawsuit and "rerecorded" its lis pendens. In September 1981 Church recorded an "Amended Notice of Lis Pendens" which referred to the previously twice-recorded lis pendens and purported to amend the paragraph beginning "The object of said action" to read: "The object of said action is to obtain a judgment affecting the title and/or the right to possession of said real property."

In November 1981, with leave of court, Church further amended its complaint to add a seventh count which alleged that Church's payments of the $83,000-plus to Gus were "instituted and consummated by fraud on the part of the defendants" who "have no legal right to or any interest in said money," that "said funds have been transmuted in form into the real property and appurtenances presently owned by defendants," and that for these reasons defendants should be deemed constructive trustees of the real property for Church.

Burger did not move to expunge the lis pendens until June 1983. The motion was denied. This writ petition followed.

Code of Civil Procedure section 409 authorizes a lis pendens "[i]n an action concerning real property or affecting the title or the right of possession of real property . . . ." ■ "Apparently, use of the two phrases beginning with 'concerning' and 'affecting' [in section 409] is without legal significance, and the test is whether or not the action affects title to or possession of real property . . . . [Citations.]" (Cal. Lis Pendens Practice (Cont.Ed.Bar 1983) Preparation and Recording, § 2.7, p. 30; cf. *id.*, Expungement, § 3.3, p. 57.) Code of Civil Procedure section 409.1 provides in pertinent part that "[a]t any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that: [¶] (a) The action does affect title to or right of possession of the real property described in the notice . . . ."

■ Acknowledging that Church asserts a constructive trust as to the Lodge, Burger argues that no constructive trust is demonstrated and that in any event Church's claim, regardless how labeled, is not shown to involve either title or right to possession. In Burger's view, Church has conjured a cause of action in order to cloud title to the property for settlement/leverage purposes, by means of lis pendens when Church should instead have sought (and have been subject to the procedural limitations on) attachment.

Church relies on *Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883 [185 Cal.Rptr. 24], in which defendants had allegedly effected sale of a house to plaintiffs by fraud and then had invested the proceeds of sale in a second house. Plaintiffs recorded a lis pendens against the second house. Defendants' motion to expunge was denied; defendants sought a writ, contending among other things that "an action to impose a constructive trust on real property is not an action affecting title to or the right of possession of real property." (*Id.*, at p. 890.) The Court of Appeal observed that "[a]n action to impose a constructive trust on real property has been held to be an action for the recovery of real property within the meaning of Code of Civil Procedure section 318 prescribing a five-year statute of limitations. [Citation.] We are satisfied that an action to impose a constructive trust on real property is an action affecting title to or possession of real property." (*Id.*, at p. 891.)

*Coppinger* is distinguishable. While in that case the defendant allegedly used ill-gotten proceeds to *acquire* real property, here Burger's property

was allegedly *improved* by a third party wrongdoer. Whether or not *Coppinger's* lis pendens rule is sound, here Church has neither pleaded nor demonstrated the elements of a constructive trust.  ██  "A constructive trust is a *remedy* used by a court of equity to compel a person who has property to which he is not justly entitled to transfer it to the person entitled thereto. The trust is passive, the only duty being to convey the property." (7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 131, p. 5487; cf. Civ. Code, §§ 2223, 2224.)  ██  Transfer of the Lodge to Church is not an appropriate remedy where, as here, only improvements amounting to considerably less than the overall value of the property are involved.

Constructive trust is not the only label under which one may assert an equitable claim against property of another. At our request the parties have briefed and argued the question whether, alternatively, the lis pendens might be justified as ancillary to an action to impress "an equitable lien to prevent unjust enrichment." (Cf. *Beckman* v. *Mayhew* (1975) 49 Cal.App.3d 529, 534 [122 Cal.Rptr. 604]; 3 Witkin, Summary of Cal. Law (8th ed. 1973) Security Transactions, § 17, pp. 1505-1506.) There is room for argument that if, as Church alleges, Gus improperly used Church's funds to improve property which now belongs to Burger, then Burger stands to be unjustly enriched and Church should have an equitable lien against the property.

It is one thing to say that there may be a colorable claim against real property and another to conclude that the claim is such as to affect the title or the right of possession of the property within the meaning of the lis pendens statute. Burger's contention that Church is seeking simply to avoid the complexities of California's attachment procedure contains the germ of a more general concern. Lis pendens is one of the few remaining provisional remedies available at its inception without prior notice to the adversary. Due process is said to be provided for by subsequent notice and an expungement procedure which casts the burden upon the proponent of the lis pendens, but a lis pendens may cause substantial hardship to the property owner before relief can be obtained. A commentator has expressed reservations as to *Coppinger's* broad endorsement of lis pendens in claimed constructive trust actions on the ground that it tends "to create a right substantially similar to an ex parte prejudgment attachment of the defendant's assets, a remedy disfavored in California and severely limited because of its due process problems." (Cal. Lis Pendens Practice, *supra,* Preparation and Recording, § 2.7, p. 32; cf. *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536 [96 Cal.Rptr. 709, 488 P.2d 13]; *Sniadach* v. *Family Finance Corp.* (1969) 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820].) Overbroad definition of "an action . . . affecting the title or the right of possession of real property" would invite abuse of lis pendens.

We conclude that Church's showing fails as a matter of law to justify the lis pendens in this action. Burger's insights are valid, for in essence Church has brought an action for money. Indeed, Church's claim is similar to that of almost any lender of money to a defaulting debtor who happens to own real property.

■ Church's showing is also deficient in a more mechanical respect. Under Code of Civil Procedure section 409.1, Burger's motion to expunge placed upon Church the burden of showing "to the satisfaction of the court, by a preponderance of the evidence," that the action affects title to or right of possession of the real property. (Cf. *Malcolm v. Superior Court* (1981) 29 Cal.3d 518, 525-526 [174 Cal.Rptr. 694, 629 P.2d 495].) ■ Code of Civil Procedure section 409.1 contemplates that "evidence" be presented on expungement issues, inasmuch as only "a preponderance of the evidence" will save a lis pendens once a motion to expunge has been properly made. The section expressly provides that "[t]he court shall determine the matter on the affidavits and counteraffidavits on file and upon such other proof as the court may permit." (Code Civ. Proc., § 409.1, subd. (b).) At least with respect to good faith and proper purpose the law looks for "an evidentiary showing, by affidavit or such other evidence as the court may permit . . . ." (*Malcolm v. Superior Court, supra,* at p. 528, fn. 6.) The Supreme Court would treat a "verified complaint" or a "verified declaration" as evidence for this purpose. (*Id.,* at p. 529.)

■ Church's complaint is unverified. In support of its opposition to the motion to expunge, Church submitted what purported to be the declaration of its president, Keyes, but the declaration is "verified" not by Keyes but rather by Church's attorney who recites that "I am informed and believe that the matters stated therein are true and, on that ground, I allege that the matters stated therein are true." Such an information-and-belief verification (cf. *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204 [151 Cal.Rptr. 721]) by a third person is ineffectual. Even under a definition of "evidence" expanded to include verified documents of various kinds, neither this pleading nor this declaration would be sufficient evidence. The record contains no other substantial evidence relevant to Church's burden.

In failing to require of Church an adequate showing that its action affected the title or the right of possession of real property, respondent court abused its discretion.

Our disposition of these issues renders consideration of Burger's additional contentions unnecessary. From the record before us, it adequately appears that maintenance of Church's improper lis pendens has interfered

with Burger's attempts to sell his property and will continue to do so so long as the lis pendens remains in force. Accordingly, we conclude that to prevent frustration of the relief granted our decision should be final as to this court immediately. (Cal. Rules of Court, rule 24(c).)

Let a peremptory writ of mandate issue commanding respondent court to vacate its order denying Burger's motion to expunge lis pendens and to enter a new and different order granting the motion and expunging the lis pendens. This decision shall be final as to this court immediately.

King, J., and Haning, J., concurred.