[No. D010793. Fourth Dist., Div. One. Nov. 21, 1989.]

MICHAEL J. LA PAGLIA, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
S. L. REY, INC., Real Party in Interest.

COUNSEL

Marc S. Herlands for Petitioner.

No appearance for Respondent.

Mitchell, Keeney, Barry & Pike and E. Ludlow Keeney, Jr., for Real Party in Interest.

OPINION

**BENKE, Acting P. J.**—S. L. Rey, Inc. (Rey), has sued Michael J. La Paglia (La Paglia) to impose a constructive trust on real property purchased with funds which Rey alleges La Paglia wrongfully withheld from Rey's predecessor in interest. In these original proceedings, La Paglia seeks a peremptory writ of mandate after the superior court denied his motion to expunge a notice of lis pendens filed by Rey. We are asked to determine whether Rey's

constructive trust claim is an action affecting title to or the right of possession of real property. ██ We conclude it is not and accordingly grant the petition.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1985, La Paglia purchased North County Sand & Gravel from Titan Financial Corporation and Frances Pikush (Pikush). Pursuant to the purchase agreement, La Paglia leased 10 acres in Bonsall adjacent to the San Luis Rey River in order to mine sand and gravel. La Paglia agreed to pay royalties of 15 cents per cubic yard of sand and gravel removed from the property to the three owners, Pikush, Edward Halprin, and Jan Wilson, in proportion to each owner's interest in the property.

In November 1985, San Ysidro Associates III (San Ysidro) acquired Pikush's interest in the property. San Ysidro refused to negotiate the checks paid to it as royalties, contending La Paglia was underrepresenting the amounts mined. It returned the monthly checks to La Paglia uncashed. In May 1988, San Ysidro assigned to Rey all claims, causes of action and rights with respect to the Bonsall property.

Rey thereafter initiated the instant litigation, seeking money damages for waste, damage to real property, trespass, conversion and accounting. Additionally, in an unjust enrichment cause of action Rey alleged La Paglia wrongfully withheld royalties in excess of $1.5 million from the owners of the Bonsall property; that with the monies wrongfully withheld La Paglia purchased a piece of property in Riverside (the Riverside property); and that the title to the Riverside property should be held by La Paglia as a constructive trustee for the benefit of Rey.

Rey recorded a lis pendens against the Riverside property. La Paglia thereafter moved to expunge the lis pendens under Code of Civil Procedure section 409.1.[2] Relying on *Coppinger* v. *Superior Court* (1982) 134

---

[1] The decision to issue a peremptory writ, unlike the summary denial of a petition seeking a writ, is a determination of a "cause" within the meaning of article VI, section 14 of the California Constitution and must " " 'be in writing with reasons stated.' " (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178, fn. 6 [203 Cal.Rptr. 626, 681 P.2d 893].) Our authority to issue a preemptory writ in the first instance is limited to those cases in which the opposing parties have "due notice" 10 days beforehand. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d at pp. 178-179.) Here the parties have been given notice and have fully briefed the matter. We also note the parties have been afforded an opportunity to present oral argument which they have declined. Thus the requirements for rendering a judgment set forth in article VI, section 3 of the Constitution have also been met. (See *Metropolitan Water Dist.* v. *Adams* (1942) 19 Cal.2d 463, 468 [122 P.2d 257]; *People* v. *Brigham* (1979) 25 Cal.3d 283, 288-289 [157 Cal.Rptr. 905, 599 P.2d 100].)

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Cal.App.3d 883 [185 Cal.Rptr. 24] (*Coppinger*), the court denied the motion. These proceedings ensued.

## DISCUSSION

Under section 409.1, a court must expunge a notice of lis pendens unless the party filing the notice establishes by a preponderance of the evidence that the action affects "title to or right of possession of the real property described in the notice" and that the action was commenced or prosecuted for a proper purpose and in good faith.[3] In *Coppinger,* the plaintiff purchased a house from the defendants allegedly as a result of misrepresentations regarding termite infestation. Plaintiffs alleged the defendants used the proceeds of that sale to purchase a new residence. As a result, plaintiffs sought money damages, rescission of the purchase contract and imposition of a constructive trust on defendants' new residence. Plaintiffs additionally recorded a notice of lis pendens on the new residence which the defendants thereafter moved to expunge under section 409.1. The trial court denied the motion. The defendants sought a writ of mandate. Division Two of this court found the plaintiffs had met their burden under section 409.1, stating: "Constructive trust is an equitable remedy to prevent unjust enrichment and enforce restitution, under which one who wrongfully acquires property of another holds it involuntarily as a constructive trustee, and the trust extends to property acquired in exchange for that wrongfully taken. [Citations.] An action to impose a constructive trust on real property has been held to be an action for the recovery of real property within the meaning of Code of Civil Procedure section 318 prescribing a five-year statute of limitations. [Citation.] We are satisfied that an action to impose a constructive trust on real property is an action affecting title to or possession of real property." (134 Cal.App.3d at p. 891.)[4]

---

[3] Section 409.1 provides in pertinent part: "At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that:

"(a) The action does affect title to or right of possession of the real property described in the notice; and

"(b) Insofar as the action affects title to or right of possession of the real property described in the notice, the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith."

[4] In addition to the relief available under section 409.1, section 409.2 provides that a lis pendens may be expunged if an adequate undertaking would protect the plaintiff's rights. Although the court in *Coppinger* found the defendants were not entitled to relief under section 409.1, the court found the defendants were nonetheless entitled to relief under section 409.2. Thus the court in *Coppinger* granted a writ and directed the trial court to determine the appropriate form and amount of an undertaking.

Relying upon *Coppinger,* Rey argues its lis pendens was proper under section 409.1. La Paglia contends the *Coppinger* court erred in concluding the action to impose a constructive trust on real property affected title or possession of that property within the meaning of section 409.1. In the alternative, La Paglia argues *Coppinger* should be limited to the facts of that case, that is, situations where the defendant has allegedly defrauded the plaintiff and has used the fruits of the fraud to purchase real property. Because we conclude *Coppinger* was wrongly decided, we do not reach La Paglia's alternative argument.

In concluding *Coppinger* was incorrectly decided we rely upon the history and purpose of the lis pendens statutes, the markedly distinct role played by the constructive trust remedy, and the persuasive criticism of *Coppinger* set forth in later cases.

At common law the mere existence of a lawsuit affecting real property was considered to impart constructive notice that anyone who acquired an interest in the property after the suit was filed would be bound by any judgment in that suit. (*Allied Eastern Financial* v. *Goheen Enterprises* (1968) 265 Cal.App.2d 131, 132 [71 Cal.Rptr. 126].) To ameliorate the harsh effect of the common law rule, Legislatures enacted lis pendens statutes to limit the constructive knowledge of pending claims to those instances where a notice of lis pendens was recorded. (*Ibid.*)

In California, a notice of lis pendens gives constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. (§ 409.) Any taker of a subsequently created interest in that property takes his interest subject to the outcome of that litigation. (See *Urez Corp.* v. *Superior Court* (1987) 190 Cal.App.3d 1141, 1144 [235 Cal.Rptr. 837].)

While the lis pendens statute was designed to give notice to third parties and not to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render a defendant's property unmarketable and unsuitable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the cloud upon his title. The potential for abuse is obvious. (See *Nash* v. *Superior Court* (1978) 86 Cal.App.3d 690, 700 [150 Cal.Rptr. 394] [disapproved on other grounds in *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 528 (174 Cal.Rptr. 694, 629 P.2d 495)]; Comment, *The Use of Lis Pendens in Actions Alleging Constructive Trusts or Equitable Liens: Due Process Considerations* (1984) 24 Santa Clara L.Rev. 137, 140.) In light of its history as a device designed to protect third parties rather than provide plaintiffs with an unfair advantage in litigation, courts have

restricted rather than broadened application of this potentially devastating pretrial remedy. (See, e.g., *Urez Corp.* v. *Superior Court, supra,* 190 Cal.App.3d at p. 1145; *Moseley* v. *Superior Court* (1986) 177 Cal.App.3d 672, 678 [223 Cal.Rptr. 116].)

■ In contrast to the lis pendens statute, the constructive trust remedy is a device created to prevent unjust enrichment. (*Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 373 [140 Cal.Rptr. 744].) Although constructive trusts may be imposed in cases where a claim arises out of the very property upon which the plaintiff seeks to impose the trust (e.g., suit for specific performance of a purchase contract for a unique piece of real property by plaintiff buyer or suit to rescind a real property purchase contract by a plaintiff seller), a constructive trust may also be imposed where the claim arises out of facts unconnected with the property upon which plaintiff seeks to impose the trust and the trust is in essence sought to secure collection of damages. (See Sclar, *From the Courts: New Jersey Lis Pendens Statute Constitutional* (1982) 11 Real Estate L.J. 158, 162-164; Comment, *supra,* 24 Santa Clara L.Rev. at p. 146.) In both this case and *Coppinger* the plaintiffs employed the constructive trust remedy in the latter situation.

■ As in *Coppinger,* Rey does not claim any present right to title or possession of the property over which it seeks to impose a trust. Like the plaintiffs in *Coppinger,* Rey claims an interest in the defendant's property only to the extent the monies it alleges were wrongfully obtained have been invested therein. The Riverside property is in no sense unique to Rey and its claims can be totally satisfied by a money judgment. Even assuming Rey prevails in the lawsuit, title and possession of the property will not necessarily be affected if the defendant satisfies the money judgment.

*Coppinger*'s broad holding allowing the recording of a notice of lis pendens on facts such as these has been severely limited and criticized. In *Burger* v. *Superior Court* (1984) 151 Cal.App.3d 1013, 1017-1019 [199 Cal.Rptr. 227], a case in which plaintiff sought a constructive trust on property allegedly improved with funds wrongfully diverted from an improvement project on another piece of property owned by the plaintiff, the First District distinguished and questioned the *Coppinger* decision. The court equated the action to that of "any lender of money to a defaulting debtor who happens to own real property." (*Id.* at p. 1019.) In *Deane* v. *Superior Court* (1985) 164 Cal.App.3d 292 [210 Cal.Rptr. 406], a case involving a claim for real estate commissions, Division Three of this district distinguished *Coppinger* and stated: ". . . *Coppinger* in no way supports the notion that a constructive trust may be imposed and a lis pendens recorded to secure an ordinary business debt. A lis pendens is not a shortcut method

of attachment for unsecured creditors." (*Id.* at p. 297.) In a concurring opinion Justice Wallin expressly disapproved *Coppinger.* (*Ibid.*) In *Moseley* v. *Superior Court, supra,* 177 Cal.App.3d 672, also from Division Three of this district, plaintiffs sought to impose a constructive trust on condominium units in an action challenging a general plan amendment that effectively repealed a county program making housing available to low and moderate income persons. The court affirmed the expungement of the lis pendens, finding *Coppinger* inapplicable because the plaintiffs had not sought a constructive trust. (177 Cal.App.3d at p. 677.) The court, however, went on to discuss the potential for abuse of lis pendens and the legislative intent to restrict its use. The court noted that *Coppinger* was as far as any court had gone to extend lis pendens protection to a party who "really has no present claim to an interest in or possession of the property on which the lis pendens has been imposed." (*Ibid.*; see also Comment, *supra,* 24 Santa Clara L.Rev. 137; Cal. Lis Pendens Practice (Cont.Ed.Bar 1983) Preparation & Recording, § 2.7, pp. 30-32, Expungement, § 3.16, pp. 64-65, *id.* (Cont.Ed.Bar Supp. 1988) pp. 12-16 & pp. 26-28.)

*Coppinger* was expressly disapproved by Division Four of the Second District in *Urez Corp.* v. *Superior Court, supra,* 190 Cal.App.3d 1141. In *Urez* the plaintiff was a former holder of a second deed of trust whose security interest had been lost at a foreclosure sale. One of the members of the entity which originally owned the property formed a new corporation which purchased the property at the sale. The former lien holder sued the new corporation and its incorporator for fraud and sought an equitable lien or constructive trust on the property for purposes of securing amounts due under the second deed of trust. *Urez* rejected *Coppinger*'s broad definition of actions which affect title or possession of real property and stated: "This case differs factually from the cases we have discussed but is most similar to *Coppinger.* It is essentially a fraud action seeking money damages with additional allegations urged to support the equitable remedies of a constructive trust or an equitable lien. Real party does not claim any ownership or possessory interest in the subject property. Rather, he seeks reinstatement or creation of a 'beneficial' interest in the property for the purpose of securing payment of money owed him under his defunct second trust deed.

". . . . . . . . . . . . . . . . .

"The issue is simply whether the action as pleaded is one that affects title or possession of the subject property. . . . At bottom, the 'beneficial' interest real party claims in the subject property is for the purpose of securing a claim for money damages. In our view allegation of this interest is not an action affecting title or possession of real property.

"We conclude, therefore, that allegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a collateral means to collect money damages. It must be borne in mind that the true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants nor to provide plaintiffs with additional leverage for negotiating purposes." (190 Cal.App.3d at p. 1149; see also *Wardley Development, Inc.* v. *Superior Court* (1989) 213 Cal.App.3d 391 [262 Cal.Rptr. 87].)

We believe the reasoning in *Urez* is persuasive. *Urez* is consistent with the history of lis pendens statutes and the need to prevent abuse. As applied to the facts in this case, the rationale adopted in *Urez* bars use of a notice of lis pendens. Although Rey argues that it is illogical to allow a plaintiff to assert an action for constructive trust and then defeat the plaintiff's recovery by allowing the defendant to transfer the property away to a bona fide purchaser during the pendency of the action, we do not believe the lis pendens statute offers any solution to this problem. Where, as here, the purpose of the constructive trust is only to secure payment of a debt, the plaintiff, like other creditors must rely upon prejudgment attachment procedures. Accordingly, we conclude the constructive trust Rey has alleged is not an action affecting title to or possession of the Riverside property within the meaning of section 409.1.

### DISPOSITION

Let a peremptory writ issue directing the court to vacate its order denying La Paglia's motion to expunge the lis pendens on the Riverside property and directing the court to enter an order granting the motion.

Huffman, J., and Froehlich, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied February 1, 1990.