980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIAMOND BENEFITS LIFE INSURANCE COMPANY, an Arizona
Corporation in receivership, by and through Lawrence J.
Warfield, Special Deputy Receiver for the Diamond Benefits
Life Insurance Company, Plaintiff-Appellant,
v.
RESOLUTE HOLDINGS, INC., a Delaware Corporation; American
Universal Insurance Company; Maurice C. Paradis, Receiver
of American Universal Insurance Company and Canadian
Universal Insurance Company, Inc., Defendants-Appellees.
 No. 91-16408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Nov. 30, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diamond Benefits Life Insurance Co. ("Diamond Benefits") recorded lis pendens on two California real properties. Preexisting liens on these properties allegedly had been discharged with funds looted from Diamond Benefits by its directors and officers. The district court expunged the lis pendens on the ground that recordation of a lis pendens cannot be supported by an action for a constructive trust or an equitable lien. We affirm.
 
 DISCUSSION
 
 3
 In California, a party may record a lis pendens in any action "concerning real property or affecting the title or the right of possession of real property...." Cal.Code Civ.Proc. § 409(a) (West Supp.1992). However, California courts "have restricted rather than broadened application of this potentially devastating pretrial remedy." La Paglia v. Superior Court, 215 Cal.App.3d 1322, 1326-27 (1989). The vast majority of California courts have found a lis pendens to be unavailable in actions seeking equitable remedies to enforce monetary claims.
 
 Constructive Trust
 
 4
 A constructive trust is an appropriate remedy for the breach of fiduciary duty. See, e.g., Bank of America Nat'l Trust & Sav. Ass'n v. Ryan, 207 Cal.App.2d 698 (1962). However, only one California court has found that an action for constructive trust will support the filing of a lis pendens. See Coppinger v. Superior Court, 134 Cal.App.3d 883, 891 (1982).
 
 
 5
 Several courts have explicitly rejected Coppinger. In Urez Corp. v. Superior Court, 190 Cal.App.3d 1141 (1987), the plaintiff held a second deed of trust on property which was sold at a foreclosure sale. The plaintiff alleged fraud in the acquisition and sought imposition of a constructive trust on the property. The Urez court noted that the factual situation was even stronger than in Coppinger, because, unlike Coppinger, the plaintiff in Urez sought imposition of a constructive trust on the same property on which the underlying claim arose. Urez, 190 Cal.App.3d at 1149. Nevertheless, the court concluded that "allegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a collateral means to collect money damages." Urez, 190 Cal.App.3d at 1149.
 
 
 6
 A substantial body of case law is in accord with Urez La Paglia, 215 Cal.App.3d at 1326 ("Coppinger was incorrectly decided;" constructive trust on real property not an action affecting title or possession of property); Pacific Lumber Co. v. Superior Court, 226 Cal.App.3d 371, 377 (1990) (Coppinger severely limited and its reasoning disapproved); Wardley Dev. v. Superior Court, 213 Cal.App.3d 391, 394 (1989) (relying on Urez and rejecting Coppinger); Burger v. Superior Court, 151 Cal.App.3d 1013, 1018 (1984) (questioning soundness of Coppinger).
 
 
 7
 It is irrelevant that the basis of Diamond Benefits' action for constructive trust was an alleged breach of fiduciary duty. The fundamental question in evaluating the validity of a lis pendens in a breach of fiduciary duty case, and in other cases involving constructive trusts, is whether the claim arises out of facts connected to the property upon which the plaintiff seeks to impose the trust. A recent California decision explained that constructive trusts are imposed in two different contexts:
 
 
 8
 Although constructive trusts may be imposed in cases where the claim arises out of the very property upon which the plaintiff seeks to impose the trust (e.g., suit for specific performance of a purchase contract for a unique piece of real property by plaintiff buyer or suit to rescind a real property purchase contract by a plaintiff seller), a constructive trust may also be imposed where the claim arises out of facts unconnected with the property upon which plaintiff seeks to impose the trust and trust is in essence sought to secure collection of damages.
 
 
 9
 La Paglia, 215 Cal.App.3d at 1327. A plaintiff has a right to bring an action for a constructive trust in both types of cases, but only in the former context does the action provide a basis for a lis pendens. Id.
 
 
 10
 Diamond Benefits does not claim any present right to title or possession of property over which it seeks to impose a trust. Its interest in the property extends only to the extent that wrongfully obtained funds were invested therein; therefore, under California law, the constructive trust claimed by Diamond Benefits is an improper basis for a lis pendens.
 
 Equitable Lien
 
 11
 Similarly, Diamond Benefits' action to impose an equitable lien on the real properties does not support the filing of the lis pendens. Wardley, 213 Cal.App.3d at 393; Elder v. Carlisle Ins. Co., 193 Cal.App.3d 1313, 1320 n. 8 (1987).
 
 
 12
 Diamond Benefits' reliance on Okuda v. Superior Court, 144 Cal.App.3d 135 (1983), is weakened by later courts' explicit rejection of Okuda. Wardley, 213 Cal.App.3d at 394; Elder, 193 Cal.App.3d at 1320 n. 8. Accord Burger, 151 Cal.App.3d at 1018 (equitable lien cannot form basis for lis pendens because of due process concerns); Urez, 190 Cal.App.3d at 1149 (rejecting Okuda and Coppinger).
 
 
 13
 Because we find that Diamond Benefits' action for equitable relief does not support its filing of the lis pendens, we need not reach the question whether Diamond Benefits met the evidentiary requirements of California Code of Civil Procedure § 409.1(a).
 
 
 14
 The judgment of the district court is AFFIRMED. Appellee's request for attorney's fees on appeal is denied.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3