Filed 3/10/21  Torres v. Superior Court CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VINCENT TORRES et al., | B307363 |
| Petitioners, | (Los Angeles County Super. Ct. No. 19NWCV00933) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| WILLIAM WADDLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.

Olivia Rosales, Judge.  Petition granted.

Ogburn Law Office and Keith Ogburn, for Petitioners.

No appearance for Respondent.

No appearance for Real Party in Interest.

## INTRODUCTION

Real party in interest William Waddle (Waddle) brought a lawsuit against petitioners Vincent Torres and Michelle Torres (collectively, petitioners), raising breach of contract and foreclosure of mechanic's lien claims arising out of work performed on a remodel of property petitioners owned. Waddle then recorded a lis pendens on the property. Petitioners responded by moving to expunge the lis pendens, a motion that the trial court denied. In this petition for a writ of mandate, petitioners argue the lis pendens should have been expunged pursuant to Code of Civil Procedure section 405.31, because the suit no longer contained a real property claim once petitioners recorded a lien release bond and unencumbered the real property. We agree. We grant the petition directing the trial court to vacate its order denying the motion to expunge the lis pendens and instead to issue an order granting the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Lawsuit Against Petitioners*

Petitioners owned real property in Whittier, California. In September 2018, petitioners and Waddle reached an agreement under which Waddle would manage the remodel of the property and be paid a 15 percent project management fee based upon the costs of the remodel. Petitioners would fund the full cost of the remodel (including materials, permits, fees, and construction costs). Waddle would also be the listing agent for the property after the remodel was finished and collect the commission on the sale. Waddle alleged that he managed, supervised, and completed the remodel of the property, but petitioners failed to pay all the remodeling costs or the project management fee, and hired another real estate agent to sell the property.

2

In September 2019, Waddle recorded a mechanic's lien on the property. Three months later, Waddle filed a complaint against petitioners, alleging causes of action for breach of contract and foreclosure of mechanic's lien. That same day, petitioners sold the property.

Waddle then recorded a lis pendens on the property based on his action to foreclose the mechanic's lien. In January 2020, petitioner Vincent Torres obtained and recorded a bond to release the mechanic's lien. The following month, petitioners recorded a rider to the lien release bond adding the new owners of the property as principals.

## 2. *Motion to Expunge Lis Pendens*

In March 2020, petitioners filed a motion to expunge the lis pendens. Petitioners first claimed relief under Code of Civil Procedure section 405.31 which states the court shall order the notice expunged if it finds that the pleading on which the notice is based does not contain a real property claim.[1] They argued the recordation of the lien release bond meant the mechanic's lien claim was no longer attached to the property. With the property now unencumbered, Waddle's mechanic's lien cause of action could no longer be termed a real property claim, thus entitling petitioners to expungement.

Petitioners also claimed relief under section 405.32, which states the court shall order the notice expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

3

Petitioners alleged Waddle was not entitled to recover under his mechanic's lien claim because he was performing work as an unlicensed contractor.[2]

Waddle opposed the motion. He first challenged petitioners' standing to bring the motion, as they no longer owned the property. He also insisted that the mechanic's lien cause of action remained a real property claim, regardless of the lien release bond, based on the nature of the cause of action itself. Finally, he claimed he was working as a project manager, not a contractor, a position that does not require a license.

### 3. *Ruling on the Motion to Expunge Lis Pendens*

The trial court denied petitioners' motion on August 18, 2020. The court first ruled that petitioners did have standing, as section 405.30 permits any party to file a motion to expunge the lis pendens.

The court then held mechanic's lien claims were real property claims, as they involve liens against real property. The court observed that while the law requires those filing mechanic's lien claims to record a lis pendens, there was no indication from the Legislature or case law that the lien release bond automatically expunges the lis pendens. The trial court also concluded that, under relevant appellate authority, a lien release

---

[2]     Under Business and Professions Code section 7031, "no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action . . . for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action." (Emphasis omitted.)

4

bond was a method of enforcement of the lien, rather than a method to extinguish it. Next, the court expressed concern about the consequences of expunging the lis pendens: "What if the surety fails to perform its surety obligations? If this court expunges the lis pendens, and the Bond is somehow defective, how is the public on notice of the mechanic's lien that . . . has not been extinguished?" The court concluded that the cause of action remained a valid real property claim because it affected title to real property. Finally, the court held that the mechanic's lien claim sought payment for work that did not require a license.

### 4. *Writ Proceedings*

Petitioners filed a petition for writ of mandate in this court, challenging the order denying the motion to expunge. On September 25, 2020, we issued an order directing Waddle to file a preliminary opposition. No opposition was filed, but petitioners filed a "reply." On October 27, 2020, we issued an order to show cause before this court why the relief sought in the petition should not be granted. No return was filed, but petitioners again replied.

### 5. *Post-Writ Trial Court Proceedings*

In November 2020, the trial court granted petitioners' motion for an order releasing the real property from the mechanic's lien. The court based its decision on Civil Code section 8424, which states: "On recordation of the bond, the real property is released from the claim of lien and from any action to enforce the lien." (Civ. Code, § 8424, subd. (c).) The court differentiated this order from its prior order denying the motion to expunge the lis pendens: "A lis pendens provides 'notice' of the pendency of an action in which a real property claim is alleged. ([Code Civ. Proc.,] § 405.2.) A mechanic's lien gives the

5

lienholder the right to foreclose on the property for labor or materials furnished, and such governed by specific mechanic's lien laws. [Civil Code section] 8424 specifically allows [d]efendants and the property owners to record a bond to release the real property from the mechanic's lien."

## DISCUSSION

In their writ petition, petitioners allege the trial court erred in denying the motion to expunge the lis pendens because the filing of the lien release bond entitled them to relief. As petitioners put it, "A Lis Pendens gives notice of the lawsuit in which a real property claim is alleged. A Lis Pendens does not give notice of a lien which is no longer attached to real property." Petitioners also again raise the argument that Waddle performed work which required a license and thus cannot recover under a mechanic's lien claim.

Our standard of review is clear. " ' " 'If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence. [Citations.]' [Citation.] ' "[W]e must consider the evidence in the light most favorable to the prevailing party, giving such party the benefit of every reasonable inference, and resolving all conflicts in support of the judgment. [Citation.]" [Citation.]' [Citation.]" [Citation.] However, "[t]he interpretation of a statute and its application to undisputed facts are questions of law subject to de novo review. [Citation.]" [Citation.]' [Citation.]" (*Rey Sanchez Investments v. Superior Court* (2016) 244 Cal.App.4th 259, 262; see also *Howard S. Wright Construction Co. v. Superior Court* (2003) 106 Cal.App.4th 314, 320.) On the effect of the lien release bond, there are no disputed questions of fact. Our review is de novo.

6

## 1. *Lis Pendens*

" 'A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice.' [Citation.]" (*Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 647; *Rey Sanchez Investments v. Superior Court*, *supra*, 244 Cal.App.4th at pp. 259, 262.) A lis pendens clouds title to property, "effectively preventing sale or encumbrance until the litigation is resolved or the lis pendens is expunged." (*Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003, 1011.)

A lis pendens may be filed by any party in an action that asserts a "real property claim." (§ 405.20.) A real property claim is a cause of action "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property . . . ." (§ 405.4.) A cause of action to foreclose a mechanic's lien for improvements to land is, in most instances, a real property claim. "A mechanic's lien is a claim against real property, which may be filed if a claimant has provided labor or furnished materials for the property and has not been paid." (*Brewer Corp. v. Point Center Financial, Inc.* (2014) 223 Cal.App.4th 831, 839.) "[T]he laborer and materialman have an interest in the specific property subject to the lien since their work and materials have enhanced the value of that property." (*Connolly Development Inc. v. Superior Court* (1976) 17 Cal.3d 803, 827.) A mechanic's lien attaches to the "work of improvement and to the real property on which the work of improvement is situated." (Civ. Code, § 8440.)

At any time after a lis pendens has been recorded, a party may file a motion to expunge the lis pendens. (§ 405.30.) The lis pendens shall be expunged if "the court finds that the pleading on

7

which the notice is based does not contain a real property claim." (§ 405.31.)  The court may also order the lis pendens expunged if "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." (§ 405.32) or "if the court finds that the real property claim has probable validity, but adequate relief can be secured to the claimant by the giving of an undertaking."  (§ 405.33).

### 2. *Lien Release Bond*

"An owner of real property or an owner of any interest in real property subject to a recorded claim of lien . . . that disputes the correctness or validity of the claim may obtain release of the real property from the claim of lien by recording a lien release bond."  (Civ. Code, § 8424, subd. (a).)  A lien release bond provides "a means by which, before a final determination of the lien claimant's rights and without prejudice to those rights, the property may be freed of the lien, so that it may be sold, developed, or used as security for a loan."  (*Hutnick v. United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 462 (*Hutnick*).)  (Fn. omitted.)

The lien release bond "does not give rise to a cause of action which is separate and distinct from the cause of action to foreclose the claim of lien."  (*Dennis Electric, Inc. v. United States Fidelity & Guaranty Co.* (1990) 219 Cal.App.3d 1228, 1234; *Hutnick*, *supra*, 47 Cal.3d at p. 463 ["In seeking to enforce their mechanic's lien first against the liened property and subsequently against the release bond, plaintiffs have pursued a single cause of action"]; accord, *Royster Construction Co. v. Urban West Communities* (1995) 40 Cal.App.4th 1158, 1166–1167 (*Royster*); *Grade-Way Construction Co. v. Golden Eagle Ins. Co.* (1993) 13 Cal.App.4th 826, 832.)

8

A lien release bond does not extinguish the lien. (*Royster*, *supra*, 40 Cal.App.4th 1158 at p. 1166.) "[I]t has been said that the bond 'does not change the relation or rights of the parties otherwise than in substituting its obligations for the [property] subject to the lien, and it was not within the legislative purpose in permitting the substitution to deteriorate the lienor's rights.' " (*Hutnick*, *supra*, 47 Cal.3d at p. 463.)

What the lien release bond does, then, is substitute the bond "for the land as the object to which the lien attaches." (*Hutnick*, *supra*, 47 Cal.3d at p. 463; *Royster*, *supra*, 40 Cal.App.4th at p. 1166; see also *Frank Curran Lumber Co. v. Eleven Co.* (1969) 271 Cal.App.2d 175, 185–186 [affirming dismissal of property owner from suit to enforce mechanic's lien between subcontractor and general contractor, citing a case deciding the same, because "the effect of the recording of the bond was to free the real property from the effect of the claim and lien and any action brought to foreclose such lien"].)

### 3. *Effect of Lien Release Bond on Lis Pendens*

" ' " 'A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions.' " ' " (*Newark Unified School Dist. v. Superior Court* (2016) 245 Cal.App.4th 887, 904–905.) When two statutes potentially conflict, courts should "find a way, if possible, to avoid the conflict." (*Id.* at p. 904.) "[O]ur task is to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes' general purpose, and to avoid a construction that would lead to unreasonable, impractical, or arbitrary results."

9

(*Commission on Peace Officer Standards & Training v. Superior Court* (2007) 42 Cal.4th 278, 290.)

The trial court based its decision in part on its conclusion that the lis pendens was properly filed because Waddle was statutorily required to record a lis pendens when filing a lawsuit to enforce a mechanic's lien. (Civ. Code, § 8461 ["After commencement of an action to enforce a lien, the plaintiff shall record in the office of the county recorder of the county . . . in which the property is situated, a notice of the pendency of the action"].) That goes only so far. It does not follow from the requirement that a lis pendens be in place as a condition of foreclosing a mechanic's lien that the lis pendens cannot be expunged when a lien release bond has been filed. Such a rule would conflict with other statutes. A lis pendens is necessary when a real property claim is asserted (§ 405.20), which affects "title to, or the right to possession of, specific real property" (§ 405.4). Yet after the recordation of a lien release bond, "the real property is released from the claim of lien and from any action to enforce the lien." (Civ. Code, § 8424, subd. (c).) A lis pendens only exists as a notice that real property is encumbered by a pending action. To require a lis pendens where a lien release bond has already unencumbered the property runs counter to Civil Code section 8424. Or stated differently, once the bond has been substituted for the property, the lawsuit "does not contain a real property claim." (§ 405.31.) It has become an action on the bond.

By way of summary, we return to the Supreme Court's decision in *Hutnick*: "The purpose of the release bond procedure is to provide a means by which, before a final determination of the lien claimant's rights and without prejudice to those rights,

10

the property may be freed of the lien, so that it may be sold, developed, or used as security for a loan.  [Civil Code section] 3143 provides that a mechanic's lien release bond 'shall be conditioned for the payment of any sum which the claimant may recover on the claim together with his costs of suit in the action, if he recovers therein.'  The 'claim' for which the principal and surety assume liability in the bond is the "claim of lien."  The release bond procedure thus protects the lien claimant by providing an alternate source of recovery on the claim of lien.  The release bond procedure 'does not deprive the [lien claimant] of its constitutional right to a lien' but '[on] the contrary, it provides for the speedy and efficient *enforcement* of such lien . . . .' (*Frank Curran* [*Lumber*] *Co. v. Eleven Co.*[, *supra,*] 271 Cal.App.2d [at p. 184], italics added.)  The recording of the release bond does not extinguish the lien; rather, the bond is substituted for the land as the object to which the lien attaches. (See Marsh, Cal. Mechanics' Lien Law (3d rev. ed. 1988) § 8.28 ['The recordation of the bond in effect transfers the claim of lien from the owner's land to the bond'])."  (*Hutnick, supra*, 47 Cal.3d at pp. 462–463.)

Finally, we observe that permitting the lien release bond to substitute for the property that is subject to a lis pendens tends to reduce lis pendens abuse.  "The history of lis pendens legislation shows a legislative intent to restrict the common law notion of constructive notice.  This is because of the ease with which a lis pendens can be recorded and the serious consequences flowing from it."  (*BGJ Associates v. Superior Court* (1999) 75 Cal.App.4th 952, 966–967 (*BGJ*).)  "The financial pressure exerted on the property owner may be considerable, forcing him to settle not due to the merits of the suit but to rid himself of the

11

cloud upon his title.  The potential for abuse is obvious." (*La Paglia v. Superior Court* (1989) 215 Cal.App.3d 1322, 1326, abrogated on other grounds by *Lewis v. Superior Court* (1999) 19 Cal.4th 1232.)  "It must be borne in mind that the true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants nor to provide plaintiffs with additional leverage for negotiating purposes." (*Urez Corp. v. Superior Court* (1987) 190 Cal.App.3d 1141, 1149.)  Accordingly, lis pendens is a provisional remedy that is applied narrowly. (*BGJ, supra*, 75 Cal.App.4th at p. 967.) "Overbroad definition of 'an action . . . affecting the title or the right of possession of real property' would invite abuse of lis pendens." (*Burger v. Superior Court* (1984) 151 Cal.App.3d 1013, 1018.)  "[T]o allow a party to record a lis pendens in a case in which the party seeks only 'to freeze the real property as a res from which to satisfy a money judgment' [citation], is not consistent with the history and purpose of the lis pendens statutes . . . ." (*Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 918–919.)  The Legislature chose to minimize the risk of lis pendens abuse by authorizing a lien release bond to provide substitute security, thus freeing up property but affording protection to certain creditors.

Although the trial court seemed to doubt a lien release bond is sufficient to secure Waddle's rights, other decisions have dismissed such concerns.  A bond "provides for the speedy and efficient enforcement of such lien in a manner that is just and equitable both to the . . . holder of the lien, and to the . . . owners of the property." (*Frank Curran Lumber Co. v. Eleven Co., supra*, 271 Cal.App.2d at p. 184.)

12

Because we agree with petitioners that the lawsuit no longer contains a real property claim and that the motion to expunge the lis pendens should have been granted for that reason, we need not address their other argument that Waddle failed to establish the probable validity of his mechanic's lien claim.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its August 18, 2020, order denying the motion to expunge the lis pendens, and issue a new order granting the motion to expunge. Petitioners Vincent Torres and Michelle Torres shall recover their costs in this proceeding.


RUBIN, P. J.


We concur:


BAKER, J.


KIM, J.