[Civ. No 33160.    Second Dist., Div. Four.    July 16, 1969.]

GILBERT ROBINSON, Plaintiff and Respondent, v. STANLEY DILLER et al., Defendants and Appellants.

Lincoff & Ordin and Aaron L. Lincoff for Defendants and Appellants.

Bernfeld, Cohen & Freeman and Harold I. Gould for Plaintiff and Respondent.

KINGSLEY, J.—Defendants, the owners of a piece of real property, entered into a contract with West Valley Plastering, Inc. (West Valley), to perform certain lathing and plastering work in connection with improvements being constructed for defendants on that property. West Valley, in turn, entered into a subcontract with R. D. Reeder Lathing Co., Inc. (Reeder), to perform the lathing portion of that contract. The work was completed; the required notices were served and filed. The contract between defendants and West Valley called for a total payment of $79,823, of which defendants have paid only $70,200, leaving $9,623 unpaid. West Valley had agreed to pay Reeder $32,465.65, of which it paid $30,000, leaving $2,465.65 unpaid.

West Valley and Reeder sued to foreclose their mechanics' liens on the property and for a judgment for the unpaid amount under the contracts. The two actions were consolidated. The trial court found for plaintiffs.[1] Defendants have appealed. We affirm the judgment.

The appeal is taken on the judgment roll alone, so that we have no issue of the sufficiency of evidence nor of any trial actions. The sole issue raised is that the findings of fact made by the trial court do not determine all of the issues in the case. We hold that the findings were sufficient.

Relying on *Call* v. *Alcan Pac. Co.* (1967) 251 Cal.App.2d 442 [59 Cal.Rptr. 763], defendants contend that they were entitled to specific findings on whether or not West Valley

---

[1]West Valley became bankrupt during the course of the litigation and plaintiff Robinson was duly substituted as party plaintiff in its stead.

had complied with certain "General Conditions," set forth in the contract between it and defendants, which contract was properly pleaded as an exhibit to their answer.

But *Call* goes no further than to hold that, where a contract is so pleaded, and the pleading alleges breaches of the contract, the alleged breaches are matters in issue in the law suit.[2] It does not hold that a party is thereby, necessarily, entitled to a specific finding as to the existence *vel non* of every breach so alleged. The opinion in *Call* does not disclose what findings, if any, had been made in that case, and the opinion expressly points out that the findings as made were not such as to permit a holding that the issue had been decided "by implication."

In the case at bench, however, the trial court made an express finding that West Valley had "duly performed all of the conditions of said contract on its part to be performed." Since defendants did not exercise their right under section 634 of the Code of Civil Procedure to demand specific findings as to each alleged breach, the general finding is sufficient (Witkin, Cal. Procedure (1967 Supp.) Trial, § 118, p. 716), and its affirmative finding of full performance impliedly is also a negative finding that the alleged breaches did not occur. (2 Witkin, Cal. Procedure (1954) Trial, § 118, p. 1850.)

This is a proper case for the allowance, as provided by the contract, of attorney fees on appeal.

The judgment is affirmed. In addition to his usual costs on appeal, respondent shall be paid, in addition to the attorney fees allowed him in the trial court, such sum for his attorney fees on this appeal, as the trial court shall find to be reasonable and proper.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[2]Inasmuch as the pre-trial statements clearly set forth the alleged breaches by West Valley, even the reliance on the rule of pleading in *Call* is unnecessary. No one has, or does, dispute that those breaches were in issue in the trial court.