[No. A052158. First Dist., Div. Three. Mar. 11, 1991.]

CLAUDE LAMBERT et al., Petitioners, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
WILLIAM MacEWEN, Real Party in Interest.

384

COUNSEL

Rosenblum, Parish & Bacigalupi and Wayne L. Bender for Petitioners.

No appearance for Respondent.

Jeffrey A. Moss and Perry D. Litchfield for Real Party in Interest.

OPINION

CHIN, J.—This petition presents novel procedural and substantive questions about recording and removing mechanics' liens. Real party in interest

William MacEwen, a licensed general contractor (contractor), recorded a lien for $117,328.05 against property owned by petitioners Claude and Micheline Lambert (owners). By contractor's own admission, most of the lien is based upon "delay/interest damages" which the construction contract regards as "extra work." Owners filed a motion to remove the lien, but the court denied the motion on procedural grounds. We conclude that the court erred.

In June of 1988, owners hired contractor to make major alterations to their home in San Rafael. The total contract price was $327,705, and the work was to be completed within one year. Two years and several change orders later, owners discharged contractor and hired another contractor to finish the work.

On October 19, 1990, contractor recorded a mechanic's lien for $117,328.05 against owners' property. The lien was for "general contracting and related building services; general construction materials and confiscated materials; charges for delay." Contractor immediately filed a complaint for damages for breach of contract and to foreclose the mechanic's lien. In December 1990, the court granted contractor's unopposed request to stay proceedings on the complaint pending termination of the arbitration prescribed by the contract. Arbitration was set to begin in March 1991.

While the stay request was pending, owners filed a motion to remove the mechanic's lien on the ground that they had paid contractor more than $361,000, well over the contract price. After hearing, the court denied the motion on the following grounds: "[Owners] have not availed themselves of the statutory remedy for disputing the lien. Civil Code § 3143. Nor does *Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803, provide the authority for this motion as [owners] claim." This petition followed.

Article XIV, section 3, of the California Constitution provides that "[m]echanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

The Legislature implemented this constitutional provision by enacting Civil Code section 3109 et seq. In *Connolly Development, Inc.* v. *Superior Court* (1976) 17 Cal.3d 803 [132 Cal.Rptr. 477, 553 P.2d 637], the California Supreme Court found that the statutory scheme satisfied the requirements for procedural due process because a property owner has a "variety of measures by which he can protect himself against the impact of such a

lien . . . ." (*Id.*, at p. 807.) The primary question we address is whether owners' motion to remove the lien, not mentioned by *Connolly*, is one of those measures.

Civil Code section 3143, mentioned in the trial.court's ruling, provides one method for removing a mechanic's lien. It permits an owner who disputes a lien to release the property from the lien by posting a surety bond equal to one and one-half times the amount of the claim. But owners assert, with some support, that such a release bond may not be available to an individual owner, who will usually be required to post liquid collateral in the amount of the bond. (See Cal. Mechanics' Liens and Other Remedies (Cont.Ed.Bar 1988) § 5.43, p. 263.)

Civil Code section 3143 is not the exclusive means for removing a mechanic's lien. *Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at pages 813-814, found that "the recording of a mechanics' lien, deprives the landowner of a significant property interest, and thus constitutes a 'taking' within the meaning of the federal and state due process clauses." (Fn. omitted.) Due process would not be provided if a claimant's unjustified lien or a lien of an unjustified amount could be removed only by pledging collateral in excess of the amount claimed.

*Connolly* explained that other remedies are available to an owner both before and after the recording of a mechanic's lien or a stop notice: "Before recording a mechanics' lien or filing a stop notice, the claimant must serve a preliminary notice upon the owner, the contractor, and the construction lender. [Citations.] Upon receipt of such a notice from one not entitled to claim a lien, the owner or lender may immediately file suit to enjoin the claimant from asserting his lien. [Citation.] By the use of a temporary restraining order if necessary [citation], the plaintiff could secure a hearing before the lien was imposed. [¶] Even after the lien has been recorded, or the stop notice filed, the owner in many instances could seek a mandatory injunction ordering the claimant to release the lien. [Citations.] In any event, the owner need not wait until the claimant sues to enforce the lien; the imposition of that lien, and the owner's denial of its validity, comprise a controversy sufficient to permit an immediate suit for declaratory relief. [Citation.] Such a declaratory relief action can claim priority on the calendar of the trial court. [Citation.] Thus by filing an action for injunctive or declaratory relief, the owner or lender can obtain a hearing either before imposition of the lien or within a reasonable period thereafter." (*Connolly Development, Inc.* v. *Superior Court, supra,* 17 Cal.3d at pp. 822-823, fns. omitted.)

■ Contractor says that *Connolly* relegates owners to an action for injunctive or declaratory relief, and that a motion to remove mechanic's lien

was improper. Contractor contends that "the Law and Motion procedure, subject to local rule limitations in time and page length of submissions, does not provide the constitutional safeguards that should also be accorded to the contractor. . . . Construction projects bring along with them complicated issues of fact which cannot always be raised in the Law and Motion format. . . . [¶] On the other hand, the injunctive procedure provides not only for the filing of detailed accounting and other documents, but also for the taking of oral evidence."

Contractor reads too much from *Connolly*. The court upheld the constitutionality of a " 'taking' " of property by mechanic's lien. In doing so it did not define or limit the procedures for removing liens. The court mentioned restraining orders, injunctions, and declaratory relief actions only to illustrate ways an owner could seek relief before a claimant sued to enforce a lien. It did not suggest that an owner could not challenge a lien by a motion to remove in a claimant's action to enforce the lien.

If a claimant has not yet imposed a lien or, having imposed it, has not yet sued to foreclose it, an owner's speediest remedy is through proceedings for injunctive or declaratory relief. But where a claimant has already brought an action to foreclose a lien, the owner may more easily file a motion in the pending action. *Connolly* is premised on the availability of speedy remedies. An owner's right to use the speediest remedy should not be lost because a claimant has won the race to the courthouse.

Contractor's objections to motion procedures are unfounded. Local rule limitations on time and page length are subject to extension or exception upon a showing of good cause. (See Super. Ct. Marin County Rules, rules 2.2(c), 2.12.) Complicated motions may be diverted from the law and motion department and assigned from the master calendar as short causes. (Super. Ct. Marin County Rules, rule 2.12.) Testimony may be allowed upon a request supported by good cause. (Super. Ct. Marin County Rules, rule 2.11; Cal. Rules of Court, rule 323(a); *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356].)

The court below expressed concern that by ruling on the motion to remove the mechanic's lien, the court would be duplicating and anticipating the arbitrator's decision. But inquiry by the court would be limited to the probable validity of the lien. (*Connolly Development, Inc.* v. *Superior Court, supra*, 17 Cal.3d at p. 822.) It would not require examination of the minute details of contractor's accounting.

The statutes governing arbitration specifically allow a party to ask a court for provisional remedies to prevent an arbitrator's award from losing its

effectiveness. A party to an arbitration agreement may seek various kinds of provisional remedies from the court without waiving the right to arbitrate the main dispute. (Code Civ. Proc., § 1281.8, subds. (b) & (d).) A claimant seeking to enforce a mechanic's lien does not waive the right to arbitrate the controversy, if "in filing an action to enforce the claim of lien, the claimant at the same time presents to the court an application that the action be stayed pending the arbitration of any issue, question, or dispute which is claimed to be arbitrable under the agreement and which is relevant to the action to enforce the claim of lien. . . ." (Code Civ. Proc., § 1281.5, subd. (a).)

If a claimant may use a mechanic's lien to protect the eventual award of an arbitrator, it follows from the due process discussion in *Connolly* that an owner may ask the court to remove an improper lien while arbitration is pending. When a claimant has recorded a mechanic's lien and then secured a stay of an action to foreclose the lien, an owner must have a speedy court remedy for showing that the lien is invalid.

Had the court probed contractor's arguments, as we have done in this proceeding, it would have seen that validity of the lien turns not on accounting, but on a legal issue of first impression in California: whether contractor's lien could include almost $89,000 in "delay/interest damages." In their presentation to the superior court, owners adopted, for argument's sake, contractor's estimate that the project was 80 percent complete, and they calculated that their payments to contractor exceeded the sum due for the finished contract work plus the mechanic's lien amount. In our request for opposition, we asked contractor to respond to owners' calculation. His reply was that, while the original contract work was only 80 percent complete, the extra work had been finished. He said that owners' payment of $107,709 for change orders left $28,369.80 in change orders unpaid. To this he added $88,958 in delay/interest damages, most of which is assessed for delay, giving him a lien for $117,328. He directed us to a provision of the contract which permitted delay damages to be billed as extra work.

Civil Code section 3123 permits a mechanic's lien for "the reasonable value of the labor, services, equipment, or materials furnished or for the price agreed upon by the claimant and the person with whom he or she contracted, whichever is less. . . ." (Civ. Code, § 3123, subd. (a).) At least for almost $89,000 of the mechanic's lien, the court could have decided probable validity of the lien by answering one question: may delay damages be considered part of the reasonable value of labor and services?

*Contractor has presented no authority for recording a mechanic's lien to recover damages based on delay.* Our research has uncovered only the

following commentary: "Claimants often assert that the amount of the lien should include 'impact claims' to compensate them for items such as delay, disruption, acceleration, and other contract claims in addition to the contract balance plus any extras. There is no reported law concerning such impact claims, and they do not appear to be encompassed within the language of CC § 3123." (Cal. Mechanics' Liens and Other Remedies, *supra*, § 1.43, at p. 26.)

We agree that Civil Code section 3123 does not permit a lien for delay damages, whether or not the contract describes them as extra work. The function of the mechanic's lien is to secure reimbursement for services and materials actually contributed to a construction site, not to facilitate recovery of consequential damages or to provide a claimant with leverage for imposing the claimant's view of who caused the breakdown in the contract.

We conclude that the court erred in failing to consider owners' motion on the merits. We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Marin County Superior Court to vacate its order denying owners' motion to remove the lien and to reconsider the motion in light of the views expressed herein.

Merrill, Acting P. J., and Strankman, J., concurred.