[No. A049514. First Dist., Div. Four. May 21, 1991.]

ABBETT ELECTRIC CORPORATION, Plaintiff and Respondent, v.
CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION et al.,
Defendants;
CITICORP REAL ESTATE, INC., et al., Interveners and Appellants.

**COUNSEL**

Leland, Parachini, Steinberg, Flinn, Matzger & Melnick, Steven R. Walker and Jeffrey H. Lowenthal for Interveners and Appellants.

Raymond H. Levy and Daniel Byrne for Plaintiff and Respondent.

## Opinion

**PERLEY, J.**—In this case we hold that a mechanic's lien claimant with a contractual right to attorney's fees, which prevails in an action against the property owner for breach of contract and foreclosure of the mechanic's lien, is not entitled to have its attorney's fees included in the mechanic's lien.

### I. Background

Respondent Abbett Electric Corporation entered into a written contract with Storek & Storek Environmental Center (Storek) to perform electrical work on Storek's property at 530 Bush Street, San Francisco. The contract provided for attorney's fees to the prevailing party in case of any dispute. In 1981, respondent recorded a mechanic's lien against the subject property. A few weeks later respondent filed a complaint against Storek for breach of contract and foreclosure of its mechanic's lien, at the same time recording a lis pendens. The complaint prayed for judgment in the sum of $314,652, plus estimated attorney's fees of $100,000 pursuant to the contract.

After an initial mistrial, the case proceeded to trial in May of 1989. During the pendency of those proceedings, appellants Citicorp Real Estate, Inc., and Massachusetts Mutual Life Insurance Co., each recorded a deed of trust against the subject property. In October 1989, the trial court rendered a tentative decision in respondent's favor that provided inter alia for reasonable attorney's fees, but did not indicate whether the fees were to be included in the mechanic's lien. The court permitted appellants, as junior lienors, to intervene on the question of whether the lien could properly include those fees.

The statement of decision filed in March of 1990 found that respondent was "entitled to a judgment against [Storek] both on the contract and to enforce its Mechanic's Lien rights." The judgment awarded the sum of $113,827.36, together with prejudgment interest thereon, costs of suit in excess of $27,000, and attorney's fees of $230,000 pursuant to Civil Code section 1717. Over appellants' objection, the judgment provided that the attorney's fees were included in the mechanic's lien, and appellants have appealed that portion of the judgment.[1]

---

[1] Storek is not a party to this appeal and apparently has filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.

## II. DISCUSSION

■ Attorney's fees are not available to a prevailing litigant absent a contractual agreement or statutory authorization, and no statute provides for attorney's fees in mechanic's lien foreclosures. (*Wilson's Heating & Air Conditioning* v. *Wells Fargo Bank* (1988) 202 Cal.App.3d 1326, 1329-1330 [249 Cal.Rptr. 553].) "Although the statutory scheme [for mechanic's liens] originally provided for the recovery of attorney's fees by the successful lienholder, this provision of the statute was declared unconstitutional (*Builders' Supply Depot* v. *O'Connor* (1907) 150 Cal. 265, 268 [88 P. 982]) and no similar provision has been subsequently enacted . . . . It is thus black letter law that except for any cause of action on a *contract* between the lien claimant and the owner of the improved property which provides for fees, a lienholder has no entitlement to them from the owner . . . . [¶] . . . [I]f indeed a contract exists, then that is the separate source of attorney's fees; it is not the *lien* which creates the right." (*Id.,* at p. 1330 [italics original].)

■ It is not disputed that Storek is personally liable for attorney's fees under its contract with respondent, and there is no question that the judgment in this combined action for breach of contract and foreclosure of the mechanic's lien may include an award of those fees. (See Civ. Code, § 3152 [personal action to recover debt may be maintained in action to foreclose mechanic's lien].) The issue is whether the fees are properly included in the mechanic's lien against the subject property.

Respondent submits that this issue is well settled in its favor, but none of the cases it cites is dispositive. Claims under contracts providing for attorney's fees were joined with actions to foreclose mechanics' liens in *Vitek, Inc.* v. *Alvarado Ice Palace, Inc.* (1973) 34 Cal.App.3d 586 [110 Cal.Rptr. 86], *Robinson* v. *Diller* (1969) 274 Cal.App.2d 813 [79 Cal.Rptr. 508], and *Distefano* v. *Hal* (1968) 263 Cal.App.2d 380 [69 Cal.Rptr. 691], and the judgments in those cases awarded attorney's fees. However, these cases do not indicate whether the fees were included in the liens and the point was never raised. In *Cal. Viking Sprinkler Co.* v. *Cheney* (1960) 182 Cal.App.2d 564 [6 Cal.Rptr. 197], a contractual provision for attorney's fees was enforced in the context of a mechanic's lien action without any mention of whether the fees were included in the lien. Our issue does not appear to have been squarely addressed.[2]

---

[2]A commentator has observed that: "In the basic action to foreclose a lien or enforce a stop notice as such, there is no right to attorneys' fees (except possibly in cases where there is a written contract providing for such fees; but even with such a written provision, the lien claimant is still faced with the restrictive language of Civil Code section 3123, which confines the *lien* to the agreed price or the reasonable value, *whichever is less.* However, it can do no

Appellants argue, however, that the reasoning of *Wilson's Heating & Air Conditioning* v. *Wells Fargo Bank*, *supra*, 202 Cal.Ap.3d 1326, extends to our situation. There, subcontractors sued the general contractor, construction lender, and others involved in a construction project to enforce their mechanics' liens. The contracts provided for recovery of attorney's fees in case of a dispute. The lender foreclosed and became legal owner of the property. The general contractor went into bankruptcy, and remained in the action only as "a nominal defendant." (*Wilson's Heating & Air Conditioning* v. *Wells Fargo Bank*, *supra*, 202 Cal.App.3d at p. 1329.) The other defendants were dismissed, apparently leaving only the lender to defend the suit. For the reasons quoted *ante*, at the outset of our discussion, the *Wilson's Heating* court rejected the subcontractors' claim to attorney's fees based on the mechanic's lien statutes. It also rejected their claim to attorney's fees under Civil Code section 1717 based on their contract with the general contractor. The court noted that Civil Code section 1717 generally assumes the existence of a contract between the parties, and reasoned that the lender could not be liable thereunder without being a party to the contract or assuming its obligations. (*Id.*, at pp. 1330, 1333-1335.) As neither of these conditions was met, the claim for fees failed even though the mechanics' liens had priority over the lender's deed of trust. (*Id.*, at p. 1329.)[3]

We find no persuasive distinction between our case and *Wilson's Heating*. Respondent has no more right to attorney's fees under the mechanic's lien statutes than did the subcontractors in *Wilson's Heating*, and no greater contractual claim to those fees against any lender that is not a party to its contract. If we were to hold that respondent's attorney's fees were included in its mechanic's lien by virtue of its contract with Storek, this would subordinate appellants' deeds of trust to a lien for those fees, even though appellants were strangers to the contract. This would produce the result *Wilson's Heating* found to be untenable.

Respondent notes that, unlike the lender in *Wilson's Heating*, appellants have not foreclosed. If appellants were to foreclose, however, they would be in the same position as the bank in *Wilson's Heating*, and we fail to see why they should be subject to a lien for respondent's fees, when the bank in *Wilson's Heating* was not, simply because they have not yet exercised their

harm to ask for attorney fees as well as legal interests and leave it up to the court)." (Marsh, Cal. Mechanics' Lien Law (5th ed. 1990) § 4.75, p. 4-95 [italics original].) While these comments could be more helpful from this court's standpoint, they do at least suggest that our issue is an open one.

[3]It appears that the mechanics' liens had priority as the subcontractors sued for a declaration of priority of their liens, and the parties stipulated to an entry of judgment in favor of the subcontractors. (*Id.*, at pp. 1328-1329.)]

powers of sale. Respondent suggests that appellants lack "standing," but appellants have a sufficient financial stake in the attorney's fee issue to have standing to raise it. If those fees are included in the mechanic's lien, then appellants will be obliged to pay them to protect their junior interests. Respondent also emphasizes that, unlike the subcontractors in *Wilson's Heating*, it is in privity of contract with the present owner of the property, but that distinction also seems to us irrelevant. Insofar as respondent has a contractual claim to fees from Storek, it has the same remedies against Storek and its property as any other party in an action for breach of a contract with an attorney's fee clause. We simply conclude that it does not have the additional remedy of a mechanic's lien for those fees.

This conclusion is consistent with Civil Code section 3123, subdivision (a), which makes no provision for attorney's fees when it limits the amount of a mechanic's lien to "the reasonable value of the labor, services, equipment, or materials furnished or for the price agreed upon by the claimant and the person with whom he or she contracted, whichever is less." (See also Cal. Const., art. XIV, § 3 [providing mechanics' liens only "for the value of such labor done and material furnished"].) Civil Code section 3123 was recently cited by Division Three of this district in *Lambert* v. *Superior Court* (1991) 228 Cal.App.3d 383 [279 Cal.Rptr. 32], on the analogous question of whether delay damages may be included in the amount of a mechanic's lien. The *Lambert* court concluded "that Civil Code section 3123 does not permit a lien for delay damages . . . . The function of the mechanic's lien is to secure reimbursement for services and materials *actually contributed* to a construction site, not to facilitate recovery of consequential damages . . . ." (*Id.*, at p. 389 [italics added].) The same reasoning applies to the claim for attorney's fees in our case. Like delay damages, they are beyond the contemplation of the mechanic's lien remedy.

It has been said that the purpose of a mechanic's lien is "to prevent unjust enrichment of a property owner at the expense of a laborer or material supplier" (*Burton* v. *Sosinsky* (1988) 203 Cal.App.3d 562, 568 [250 Cal.Rptr. 33]; *Industrial Asphalt, Inc.* v. *Garret Corp.* (1986) 180 Cal.App.3d 1001, 1006 [226 Cal.Rptr. 17]), and our conclusion is consistent with that purpose. Since respondent's work benefited appellants, as well as Storek, by enhancing the value of their security, appellants are subject to a lien for labor and materials to prevent their "unjust enrichment." The same rationale, of course, does not apply to respondent's attorneys, who have not added to the value of the subject property. On the other hand, mechanic's liens are said to be "remedial in nature, to be liberally construed in favor of working persons" (*Burton* v. *Sosinsky*, *supra*, 203 Cal.App.3d at p. 568), and they would arguably be a more "efficient" remedy (Cal. Const., art. XIV, § 3) if

attorney's fees were available in connection with their foreclosure. We cannot, however, create a right to fees in that context where the Legislature has not seen fit to enact one. (Cf. Civ. Code, §§ 3247, 3248 and Bus. & Prof. Code, §§ 7108.5, 7169 [providing for attorney's fees in analogous contexts].)

Respondent argues that its attorney's fees may be included in the mechanic's lien as costs of suit under Civil Code section 3150, which provides that: "In addition to any other costs allowed by law, the court in an action to foreclose a [mechanic's] lien must also allow as costs the money paid for verifying and recording the lien, such costs to be allowed each claimant whose lien is established, whether he be plaintiff or defendant." Respondent reasons that costs allowable under this statute are included in the lien, and that "other costs allowed by law" in this case include the attorney's fees to which it is entitled by contract, because Civil Code section 1717 deems such fees to be costs of a suit on the contract. Assuming arguendo that costs under Civil Code section 3150 incident to a mechanic's lien foreclosure are included in the lien, notwithstanding the limitation of the lien to labor and materials under Civil Code section 3123, we are not persuaded that those costs include attorney's fees payable solely because an action on a contract has been joined with the foreclosure. Civil Code section 1717 provides for attorney's fees only in contract actions. It does not extend to mechanic's lien foreclosures where, as previously noted, such fees are not recoverable.

Respondent next contends that appellants are subject to a lien for attorney's fees because a lis pendens was recorded that put them on notice of this case before they recorded their deeds of trust. It has been stated that "[t]he effect of such notice is that anyone who acquires an interest in the property after the action has been filed will be bound by any judgment which may thereafter be rendered in the action." (*Urez Corp.* v. *Superior Court* (1987) 190 Cal.App.3d 1141, 1144 [235 Cal.Rptr. 837].) Respondent maintains that because the judgment in this case included an award of attorney's fees, and appellants are "bound" by that judgment under the foregoing rule, the lis pendens in effect created a lien for those fees.

Respondent's interpretation of the effect of the lis pendens is too broad. Since a lis pendens " 'is purely incidental to the action wherein it is filed,' " and "[i]ts effectiveness depends entirely on the action of which it is a part" (*Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 379 [295 P.2d 405]), the lis pendens could not establish any lien not otherwise available in the action, and the lis pendens did not "bind" appellants to pay for attorney's fees awarded in the judgment. The difficulty again appears to stem from joinder of the contract action with the mechanic's lien foreclosure. A lis pendens is

authorized in connection with foreclosure of a mechanic's lien (Civ. Code, § 3146), but not in an action solely for damages on a contract (see *Urez Corp. v. Superior Court, supra,* 190 Cal.App.3d at p. 1145) and it is not the equivalent of an attachment lien (*id.,* at pp. 1148, 1149). In any event, we agree with appellants that the fact they had notice of the pendency of this action is irrelevant. Either respondent had a right to a lien for its fees or it did not, and the lis pendens did not by itself create any such right.

Much the same response is applicable to respondent's final point, that its mechanic's lien should not be "subverted" by a bank's "poor lending decision made with full knowledge of respondent's superior rights." Appellants' loans against the subject property have no bearing on respondent's entitlement to a lien for attorney's fees except insofar as they have given appellants an incentive to litigate the issue. In this regard respondent's quarrel is with the Legislature and not appellants.

## CONCLUSION

The judgment is reversed to the extent that it includes attorney's fees in the mechanic's lien, and the case is remanded for modification of the judgment in light of this opinion. Appellants are entitled to their costs on appeal.

Anderson, P. J., and Poché, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 15, 1991.