[No. A081358. First Dist., Div. Five. Mar. 31, 1999.]

BASIC MODULAR FACILITIES, INC., Plaintiff and Appellant, v. KEIHAN ALA EHSANIPOUR, Defendant and Respondent.

**COUNSEL**

Akay & Associates and Douglas N. Akay for Plaintiff and Appellant.

Law Offices of Eugene L. Bass and Helen B. Baumann for Defendant and Respondent.

## OPINION

HANING, J.—Plaintiff/appellant Basic Modular Facilities, Inc., appeals an order removing a mechanics' lien from property owned by defendant/respondent Keihan Ala Ehsanipour.

### BACKGROUND

In May 1996 appellant, a licensed contractor, entered into a written contract for improvements on respondent's property for a total contract price of $151,839. Following two change orders the final contract price was $154,884. Respondent paid appellant $137,092 under the contract, leaving a balance of $17,792.

On January 27, 1997, appellant recorded a mechanics' lien for $18,192 against respondent's property, but continued to work thereon until February 28, 1997. On April 17, 1997, appellant sent respondent a demand letter and billing statement seeking $245,299 as: (1) past due billings of $18,192 plus $709 in interest; (2) "extended over-head" from August 17 to December 24, 1996, of $18,891; (3) "additional work directed/required by [respondent]" of $24,319; and (4) "additional billing incurred resulting from delays/interference from [respondent]" of $183,188. Of the $183,188 amount, $24,841 represented additional subcontractor costs, and $121,710 represented the labor appellant provided. The remainder represented 15 percent profit and 10 percent overhead.

On April 23, 1997, appellant recorded a second mechanics' lien in the amount of $245,299. On July 21 it filed a complaint for, inter alia, breach of contract and foreclosure of the lien.

In September 1997 respondent moved for removal of the lien on the ground that appellant included claims for costs outside those authorized by Civil Code[1] section 3123. Respondent's declaration in support of the motion states that $17,792 remained due on the contract, subject to offsets for appellant's incomplete work and defective construction. Respondent argued that pursuant to section 3123, only the $17,792 remaining due on the contract could be claimed in a lien.

The declaration of appellant's vice-president, Derald Norton, submitted in opposition to the motion to remove the lien states that respondent breached the contract by, inter alia, "refus[ing] to pay for completed work unless [appellant] agreed to provide additional labor, services, equipment and

[1]Unless otherwise indicated, all further section references are to the Civil Code.

materials at little or no charge," and "refus[ing] to pay monies due under the Contract." Norton also declares that after respondent's refusal to pay the amounts requested in appellant's demand letter, appellant recorded the second lien.

At the hearing on the motion appellant conceded the amount claimed for extended overhead was impermissible, and asked the court to reduce the lien by that amount, while respondent contended the entire lien had to be stricken.

Following the hearing appellant voluntarily recorded a partial release of its lien, releasing $53,237 from the second lien, leaving a remaining lien of $192,062. A copy of the partial release of mechanics' lien was submitted to the court. Subsequently, the trial court ruled the second lien invalid and ordered it removed, apparently on the ground that it was invalid because it exceeded the amount due under the initial *written* construction agreement.

## DISCUSSION

■ California's Constitution provides: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens." (Cal. Const., art. XIV, § 3.) The Legislature enacted section 3109 et seq. to implement and enforce this constitutional lien. (*Lambert* v. *Superior Court* (1991) 228 Cal.App.3d 383, 385 [279 Cal.Rptr. 32] (*Lambert*).) The purpose of a mechanics' lien is to prevent unjust enrichment of a property owner at the expense of laborers or material suppliers. (*Abbett Electric Corp.* v. *California Fed. Savings & Loan Assn.* (1991) 230 Cal.App.3d 355, 360 [281 Cal.Rptr. 362].) " 'The mechanics' lien is the only creditors' remedy stemming from constitutional command and our courts "have uniformly classified the mechanics' lien laws as remedial legislation, to be liberally construed for the protection of laborers and materialmen." [Citation.]' [Citation.]" (*Wm. R. Clarke Corp.* v. *Safeco Ins. Co.* (1997) 15 Cal.4th 882, 889 [64 Cal.Rptr.2d 578, 938 P.2d 372].)

Preliminarily, we note that mechanics' liens exist to protect two general categories of workers or suppliers: (1) prime contractors, i.e., those persons or entities with whom the property owner has a direct contractual relationship or privity of contract, and (2) subcontractors—those workers or suppliers who have no direct contractual relationship with the owner, and who

normally are engaged by the prime contractor. (See, e.g., Cal. Mechanics' Liens and Related Construction Remedies (Cont.Ed.Bar 1998) § 7.1, p. 397.) Appellant is a prime contractor.

The amount recoverable under a mechanics' lien is fixed by statute. Section 3123 provides: "(a) The liens provided for in this chapter shall be direct liens, and shall be for the reasonable value of the labor, services, equipment, or materials furnished or for the price agreed upon by the claimant and the person with whom he or she contracted, whichever is less. The lien shall not be limited in amount by the price stated in the contract as defined in Section 3088,[2] except as provided in Sections 3235 and 3236[3] and in subdivision (c) of this section.[4] [¶] (b) This section does not preclude the claimant from including in the lien any amount due for labor, services, equipment, or materials furnished based on a written modification of the contract or as a result of the rescission, abandonment, or breach of the contract. However, in the event of rescission, abandonment, or breach of contract, the amount of the lien may not exceed the reasonable value of the labor, services, equipment, and materials furnished by the claimant."

Appellant contends that under section 3123, subdivisions (a) and (b), a mechanics' lien may include the contractor's reasonable value of labor, services, equipment and materials furnished to the project as a result of the owner's breach of contract, regardless of whether it exceeds the original written contract price, or the contract price as modified. It concedes that the lien it recorded for $245,299 included charges "that are or may be inappropriate for a mechanics' lien claim," but argues that the $192,062 remaining after it recorded its partial release represents the reasonable value of labor, services, equipment and material furnished, and should have been upheld.

Section 3123, subdivision (b) authorizes the lien claimant to include in the lien any amount due for labor, services, equipment or materials furnished, based on a written modification of the contract *or* as a result of the

---

[2]Section 3088 defines "contract" as "an agreement between an owner and any original contractor providing for the work of improvement or any part thereof."

[3]The procedure set forth in sections 3235 and 3236 permits the owner to limit the combined liens of the original contractor and of any subcontractors to the amount due from the owner to the original contractor, thus protecting itself from unknown lien claims of subcontractors, workers or suppliers other than the original contractor. The record does not indicate that respondent complied with sections 3235 and 3236, and the parties do not suggest that he did.

[4]Section 3123, subdivision (c), states: "The owner shall notify the prime contractor and construction lenders of any changes in the contract if the change has the effect of increasing the price stated in the contract by 5 percent or more." Appellant advances no claim under subdivision (c).

rescission, abandonment or breach of the contract. In such events, the lien amount may not exceed the reasonable value of the labor, services, equipment or materials furnished by the claimant. The use of the disjunctive "or" in section 3123, subdivision (b) permits a claimant to include in the lien an amount for the reasonable value of the labor, services, equipment or materials furnished based on the owner's breach of contract, even if based on oral modifications to the contract. (See, e.g., *St. Cyr* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 468, 472 [243 Cal.Rptr. 1] [use of word "or" in statute indicates intent to use it disjunctively].)

Appellant contends respondent authorized numerous changes to the original plans which required additional labor and material, and then refused to pay for them unless appellant provided even more labor, services, equipment and material at little or no charge. If true, this constitutes a breach of contract, and under section 3123, subdivision (b), permits appellant to include in its lien the reasonable value of labor, services, equipment or materials it furnished as a result of that breach. Respondent argues that *Lambert* requires the entire lien be stricken. We disagree. *Lambert* held that where a lien claimant has filed an action to foreclose a lien, the property owner can proceed by motion in the foreclosure action to remove an invalid lien. In ruling on the property owner's petition for writ of mandate, the *Lambert* court merely remanded the matter to the trial court with instructions to consider the property owner's motion on its merits. (228 Cal.App.3d at pp. 387, 389.) *Lambert* did not hold that the trial court lacked authority to reduce an excessive lien to its proper amount. If we followed that logic to its ultimate conclusion, a lienholder who included a few dollars for an impermissible item would lose the entire lien, and we find no authority for that proposition.

The lien claimant has the burden of establishing the validity of the lien (*Selby Constructors* v. *McCarthy* (1979) 91 Cal.App.3d 517, 526 [154 Cal.Rptr. 164]), including that the labor, services and/or materials were actually used in the construction, the reasonable value of the work and/or materials, and the date of completion or cessation of work. (1 Marsh, Cal. Mechanics' Lien Law and Construction Industry Practice (6th ed. 1997) § 4.124, p. 4-125.) The actual amount due on the lien presents a question of fact for the trial court (see, e.g., *Howard A. Deason & Co.* v. *Costa Tierra Ltd.* (1969) 2 Cal.App.3d 742, 754-757 [83 Cal.Rptr. 105]), regardless of whether that question is resolved by motion or requires full trial. But the lien claimant is entitled to utilize the statutory procedure to recover that amount actually owed.

## DISPOSITION

The case is remanded with directions to restore appellant's lien on the subject property in the amount of $192,062. We do not express or intimate any decision concerning the actual amount due appellant. Costs to appellant.

Jones, P. J., and Stevens, J., concurred.