Filed 11/8/23  Tucker v. 1400 Fig CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DEAN E. TUCKER,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>1400 FIG, LLC, et al.,<br><br>　　　Defendants and Respondents. | B324667<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV24308) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed.

　　　Dean E. Tucker, in pro. per., for Plaintiff and Appellant.

　　　The Rodarti Group and Josef M. Rodarti for Defendants and Respondents.

_____

Dean Tucker (appellant) appeals from an order releasing the property of 1400 Fig, LLC (the LLC) and Soleiman Gabbay (collectively respondents) from appellant's mechanic's lien and also dismissing respondents from the complaint. We conclude appellant's mechanic's lien was unenforceable due to his failure to comply with preliminary notice and licensing requirements. Thus we affirm the order releasing the mechanic's lien and dismissing respondents from the action.

## BACKGROUND

The LLC owns the real property at 1400 South Figueroa Street, Los Angeles, California (property). Gabbay holds a majority of the LLC's membership interests.

In November 2015, the LLC entered into a construction contract with Fassberg Contracting Corporation (Fassberg) to construct apartments on the property. Fassberg subcontracted the electrical work to the appellant on January 7, 2016.

When he started the work appellant had a valid contractor's license. However, between October 20, 2016, and December 1, 2016, appellant's license was suspended due to the lapse of his contractor's bond. Once a new bond was secured, appellant's contractor's license was reinstated.

After completing his work, appellant—unpaid for his services—sent a preliminary notice to the LLC on November 11, 2018, asserting a claim for $860,000. Later appellant recorded two mechanic's liens. The first, recorded on June 3, 2019, expired due to appellant's failure to timely file a foreclosure claim. The second, recorded on June 24, 2021, claimed appellant was owed $975,627.48.

2

Fassberg filed a complaint on July 11, 2019, seeking damages from appellant. Two years later appellant filed a separate action against respondents to foreclose on his second mechanic's lien. Various other causes of action for damages against Fassberg, its agent, the individual owners of Fassberg, and the bank funding the construction project were asserted. The cases were consolidated with Fassberg's case designated as the lead.

Respondents filed a motion to release their property from appellant's mechanic's liens. Following the August 30, 2022 hearing, the trial court took the matter under submission and then issued its order on September 6, 2022. The trial court determined appellant's mechanic's lien to be invalid because he lacked a contractor's license during part of the project and had not complied with the notice requirements for recording a mechanic's lien. As a result, respondents' property was released from appellant's liens and respondents were dismissed from appellant's complaint. Appellant's subsequent motion for motion for reconsideration was denied.

Appellant filed a timely notice of appeal. The order was appealable because it dismissed respondents from appellant's complaint.[1]

---

[1] The order of dismissal was an appealable order because it left no issue to be determined as to respondents. (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 991 ["'it has long been the settled rule that in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party'"].)

## CONTENTIONS ON APPEAL

Appellant challenges the order of dismissal on three grounds. First, he argues the court lacked sufficient evidence to conclude appellant failed to meet the preliminary notice requirements before recording his mechanic's lien. Second, appellant contends the court abused its discretion by determining he did not substantially comply with the contractor licensing requirements. Finally, appellant asserts it was an abuse of discretion to dismiss respondents after their property was released from his mechanic's lien.

## DISCUSSION

### I.     Applicable law and standard of review

By the California Constitution and by statute, "contractors, laborers, and suppliers" have the right to record a "mechanic's lien" against any property "upon which they have bestowed labor or furnished material for the value of such labor done and material furnished." (Cal. Const., art. XIV, § 3; see Civ. Code, §§ 8000-9566; *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 422 (*RGC Gaslamp*).)

A subcontractor seeking to record a mechanic's lien must give preliminary notice to the property's owner, the direct contractor, and the construction lender prior to recording the lien. (Civ. Code, §§ 8200, subds. (a)(1) & (c), 8400, subd. (a), 8410.) Once the lien is recorded, the lien encumbers title to the property and has priority over subsequently recorded instruments. (*RGC Gaslamp, supra*, 56 Cal.App.5th at p. 422.)

There are "a variety of measures [or mechanisms]" by which an owner could obtain provisional relief from a mechanic's lien or "speedy" judicial review of such a lien, either before or

4

immediately after its recording. (*Connolly Development, Inc. v. Superior Court* (1976) 17 Cal.3d 803, 807.)  These include the owner's statutory right to seek release of the mechanic's lien upon posting a bond in the amount of 125 percent of the lien and the owner's right to file an action for declaratory or injunctive relief challenging the mechanic's lien. (*Id.* at pp. 822-823.) Another postlien mechanism identified later was for the owner to file a motion in the contractor's pending action to foreclose on a mechanic's lien. (*Lambert v. Superior Court* (1991) 228 Cal.App.3d 383, 386-387 (*Lambert*).)

When a property owner files a motion to eliminate or reduce a mechanic's lien, the contractor bears the burden of establishing the "probable validity" of the propriety and amount of its lien by a preponderance of the evidence.  (*Lambert, supra*, 228 Cal.App.3d at p. 387.) This standard requires the contractor to prove a "'prima facie case'" by establishing the "'probable outcome of the litigation'" in its favor.  (*Howard S. Wright Construction Co. v. Superior Court* (2003) 106 Cal.App.4th 314, 319-320.)

We review a trial court's determination of the probable validity of a mechanic's lien for an abuse of discretion, reviewing subsidiary factual findings for substantial evidence and subsidiary legal rulings—such as the meaning of statutes—de novo. (*Howard S. Wright Construction Co. v. Superior Court, supra*, 106 Cal.App.4th at p. 320.)

**II.  Substantial evidence supports the court's finding appellant did not comply with the preliminary notice requirement**

"A claimant may enforce a lien only if the claimant has given preliminary notice to the extent required by Chapter 2

5

(commencing with Section 8200) and made proof of notice." (Civ. Code, § 8410.) When served by mail, the preliminary notice must be sent by registered or certified mail, express mail, or overnight delivery by an express service carrier. (Civ. Code, § 8110.) If notice is given through the United States Postal Service, the proof of service must include documentation or a return receipt from the United States Postal Service. (Civ. Code, § 8118, subd. (b).)

Courts have required strict compliance with the preliminary notice requirements, emphasizing "where the Legislature has provided a detailed and specific mandate as to the manner or form of serving notice upon an affected party that its property interests are at stake, any deviation from the statutory mandate will be viewed with extreme disfavor." (*Harold L. James, Inc. v. Five Points Ranch, Inc.* (1984) 158 Cal.App.3d 1, 6.) Meeting these requirements is a necessary prerequisite to a valid lien claim. (Civ. Code, § 8200, subd. (c).)

Here, appellant provided a proof of service that he used registered mail, certified mail, express mail, or overnight delivery by an express service carrier. However, missing from this proof of service was the documentation or return receipt mandated by Civil Code section 8118, subdivision (b). Appellant failed to provide the necessary documents when asked to do so during discovery.

Though appellant contends his previous attorney had him sign a false declaration that he did not have the certified mail receipts—and claimed to have attempted to retract this

6

declaration—appellant failed to provide the trial court with the required documentation or return receipts.[2]

Thus, substantial evidence supports the conclusion appellant did not strictly comply with the requirements of Civil Code sections 8118 and 8410. As a result appellant failed to establish the prerequisite for validity of his mechanic's lien. This demonstrates the probable outcome of the litigation would be that appellant could not establish the existence of a valid mechanic's lien. On this basis alone the order should be affirmed.

## III. Substantial evidence supports the court's finding that appellant did not comply with the licensing requirement

Business and Professions Code section 7031, subdivision (c) states: "A security interest taken to secure any payment for the performance of any act or contract for which a license is required by this chapter is unenforceable if the person performing the act or contract was not a duly licensed contractor at all times during the performance of the act or contract." This allows the court to determine whether there has been substantial compliance with licensure requirements "if it is shown at an evidentiary hearing that the person who engaged in the business or acted in the capacity of a contractor (1) had been duly licensed as a contractor in this state prior to the performance of the act or contract, (2) acted reasonably and in good faith to maintain proper licensure, and (3) acted promptly and in good faith to remedy the failure to comply with the licensure requirements upon learning of the failure." (*Id*., subd. (e).)

---

[2]    In his motion to augment the record on appeal appellant admitted the return receipts were not submitted to the trial court as required by California Rules of Court, rule 8.155(a)(1)(A).

7

California deliberately "imposes strict and harsh penalties for a contractor's failure to maintain proper licensure." (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 418.) "Because of the strength and clarity of this policy, it is well settled that [Business and Professions Code] section 7031 applies despite injustice to the unlicensed contractor." (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995.)

Appellant commenced the electrical work after he entered into the subcontract on January 7, 2016. He was notified by the Contractors State License Board on September 20, 2016, that the bond he had on file had been canceled, and he had one month to obtain a replacement bond. He was also notified about his license suspension on October 26, 2016. Appellant filed a replacement bond and his license was reinstated effective December 1, 2016.

Since appellant was not a duly licensed contractor between October 20, 2016, and December 1, 2016, he was not licensed "at all times" he was performing the electrical work. Therefore the mechanic's lien was unenforceable.

While Business and Professions Code section 7031, subdivision (e), provides for an evidentiary hearing to demonstrate "substantial compliance" with licensing requirements, appellant did not avail himself of this procedure. Further, appellant's opposition to respondents' motion to release the mechanic's lien failed to provide a declaration containing facts essential to meet his burden.

Instead, appellant's opposition included documents showing his license and contractor's bond history, which shows appellant had been duly licensed as a contractor in California prior to the contract. However, it does not contain facts showing

8

he acted reasonably and in good faith to maintain proper licensure or that he acted promptly and in good faith to remedy the failure to comply with the licensure requirements upon learning of the failure.

Rather, the record shows appellant was sent notice that he had one month to obtain a replacement bond. His license was then suspended for failing to obtain a replacement bond during that month. This is evidence appellant did not act reasonably and in good faith to maintain proper licensure.

This is substantial evidence appellant had not complied with the requirements of Business and Professions Code section 7031. He did not maintain his license at all times during the performance of the electrical work, and he did not show he substantially complied with the licensing requirements. Therefore appellant could not establish the existence of a valid mechanic's lien and provide a further ground for affirming the court's order.

## IV. Dismissal of respondents was not an abuse of discretion

The court's order released the mechanic's lien and dismissed respondents from appellant's second amended complaint at respondents' request.

Upon a sufficient factual showing, a court has inherent power to dismiss an action "'shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process.'" (*Muller v. Tanner* (1969) 2 Cal.App.3d 438, 443, quoting *Lincoln v. Didak* (1958) 162 Cal.App.2d 625, 629.)

Appellant's second amended complaint contained a single cause of action against respondents—foreclosure on the mechanic's lien. The court released the lien after finding

appellant could not establish a valid mechanic's lien, and his claim had no probable validity. Having no probable validity is a factual basis for finding appellant's sole action against respondents to be without merit. It would be an abuse of judicial process to allow an action to proceed after a showing it was without merit.

Appellant fails to explain how his action could proceed against respondents after his claim against them had been found to have no probable validity. There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs of appeal.

_____
CHAVEZ, Acting P. J.

We concur:


_____
HOFFSTADT, J.


_____
KWAN, J. *

_____

\*      Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.