Filed 11/20/25  Pacific Carpets v. Shanghai Commercial Bank CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PACIFIC CARPETS, LLC, | |
| Plaintiff and Appellant, | G063689 |
| v. | (Super. Ct. No. 30-2022-01245791) |
| SHANGHAI COMMERCIAL BANK, LTD., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed.

Lanak & Hanna and Mac W. Cabal for Plaintiff and Appellant.

Pierce Kavcioglu Espinosa & Cesar, Tyler J. Cesar, Armenak Kavcioglu, and Aren Kavcioglu for Defendant and Respondent.

\*          \*          \*

Plaintiff Pacific Carpets, LLC (the LLC) appeals from a judgment entered in favor of defendant Shanghai Commercial Bank, Ltd. (the Bank). The court granted a motion for summary judgment filed by other defendants and held the LLC's entire complaint was barred.

On appeal, the LLC contends the court erred by entering judgment for the Bank because it did not file its own summary judgment motion. We conclude the court did not err and affirm the judgment.

STATEMENT OF FACTS

I.

THE PARTIES AND UNDERLYING DISPUTE

The LLC is a subcontractor that performed work on an apartment construction project. The Bank was the construction lender on the project.

After a payment dispute arose between the LLC and the property owner, the LLC recorded a mechanic's lien against the property and served a bonded stop payment notice on the Bank.

II.

THE COMPLAINT AND CROSS-COMPLAINT

The LLC later filed a complaint against the Bank and four other entities, which are not parties to this appeal. The complaint alleged the four entity defendants owed over $500,000 to the LLC for its work, labor, and materials. The complaint also alleged a single cause of action against the Bank to enforce the bonded stop payment notice.

In response, one of the entity defendants, 2525 Main Apartment, LP (2525 Main), filed a cross-complaint and asserted causes of action for: (1) breach of contract; and (2) recovery of compensation paid to an unlicensed

contractor.

## III.

### THE MOTION FOR SUMMARY JUDGMENT AND THE *LAMBERT* MOTION

In 2023, the four entity defendants moved for summary judgment or, in the alternative, summary adjudication. The Bank did not file the motion, which is central to the instant appeal.

Among other things, the entity defendants argued the complaint was barred under Business and Professions Code section 7031, subdivision (a)[1] because the LLC was not licensed at all times during the construction work. They further argued the LLC did not qualify for the substantial compliance exception under section 7031, subdivision (e).

Soon after, 2525 Main filed a motion pursuant to *Lambert v. Superior Court* (1991) 228 Cal.App.3d 383 (*Lambert*) to remove or reduce the LLC's mechanic's lien and stop payment notice.

## IV.

### THE COURT'S SUMMARY JUDGMENT RULING

The court granted the summary judgment motion and held the complaint was barred under section 7031, subdivision (a) because the LLC was not properly licensed when it began working on the project. The court also concluded the LLC did not qualify for protection under the safe harbor rules for license renewals or the statutory substantial compliance doctrine. Finally, the court granted summary adjudication on the cross-complaint's second cause of action for disgorgement of over $2 million paid to the LLC.

---

[1] All further statutory references are to the Business and Professions Code unless otherwise stated.

3

V.

THE BANK'S NOTICE OF LODGING AND THE JUDGMENT

A week later, the Bank filed a notice of lodging of proposed judgment. In its notice, the Bank emphasized the court held all of the LLC's claims were barred when it granted summary judgment. The Bank accordingly argued the LLC's sole cause of action against the Bank for enforcement of the bonded stop payment notice was moot and requested judgment in its favor.

A few months later, the court granted 2525 Main's *Lambert* motion and released the mechanic's lien as well as the stop payment notice. Given the summary judgment ruling, the court emphasized the LLC's "stop payment notice" was "ineffective." (Capitalization omitted.)[2]

In December 2023, the court entered a judgment that the LLC "take nothing" from the Bank.

DISCUSSION

The LLC contends the court erred by entering judgment in favor of the Bank based on a summary judgment motion that was filed by other defendants. According to the LLC, the court effectively allowed the Bank to "join" in the summary judgment motion even though the Bank did not comply with the summary judgment statute. The LLC further claims the judgment contravenes Code of Civil Procedure section 437c's plain language, which authorizes summary judgment only in favor of a moving party.

At the outset, we note the LLC did not raise these arguments in its objections to the proposed judgment. Regardless, we exercise our

---

[2] The court's ruling on the *Lambert* motion is the subject of the nonpublished companion appeal, *Pacific Carpets, LLC v. Panku, Inc.* (Nov. 20, 2025, G063243) [nonpub.opn.].

4

discretion to consider the arguments. For the reasons *infra*, the court did not err by entering judgment in the Bank's favor.

## I.

### APPLICABLE LAW

A stop payment notice is designed to secure payment to a contractor or subcontractor who is owed money for its work on a project. (Civ. Code, § 8500 et seq.) If a subcontractor serves a stop payment notice on the construction lender, the lender "shall withhold from the borrower or other person to whom the lender or the owner is obligated to make payments or advancement out of the construction fund sufficient funds to pay the claim stated in the notice." (*Id.*, § 8536, subd. (a).) A subcontractor cannot recover any of the funds if it is not legally entitled to payment. (*See id.*, § 8542, subd. (a) ["the direct contractor or subcontractor may recover only the net amount due the direct contractor or subcontractor"].)

## II.

### ANALYSIS

Here, the trial court's summary judgment ruling eliminated any grounds for relief against the Bank. The court specifically held the LLC was not properly licensed so its entire complaint, including the cause of action against the Bank, was barred. (§ 7031, subd. (a) [a contractor who was not "duly licensed . . . at all times during the performance of" its contracting work cannot bring an action to collect compensation for any of its work, including work performed while licensed].)

In a companion appeal, we affirmed the court's summary judgment ruling. (*Pacific Carpets, LLC v. 2525 Main Apartment, L.P.* (Nov. 20, 2025, G064438) [nonpub. opn.].) Because the LLC's stop payment notice

5

claim against the Bank depends on an underlying right to payment, the trial court did not err by finding the claim was barred. Once the court determined the LLC was not entitled to any compensation, there was nothing left to adjudicate on the stop payment notice cause of action. The judgment merely reflects that legal reality. (*See Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101–1102 [summary adjudication on a cause of action "effectively disposed of the entire case"]; § 7031, subd. (c) ["[a] security interest taken to secure any payment for the performance of any act or contract for which a license is required . . . is unenforceable if the person performing the act or contract was not a duly licensed contractor"].)

The LLC's reliance on *Frazee v. Seely* (2002) 95 Cal.App.4th 627 and *Lerma v. County of Orange* (2004) 120 Cal.App.4th 709 is misplaced. In *Frazee*, another panel of this court held a party could not join a summary judgment motion by merely filing a notice of joinder. (*Frazee*, at pp. 635–647.) Likewise, in *Lerma*, another panel of this court held the trial court erred by allowing an untimely joinder to a summary judgment motion. (*Lerma*, at pp. 718–719.) In the instant case, the trial court never allowed the Bank to "join" in a summary judgment motion it had not filed. Instead, the court determined the LLC's complaint was barred under section 7031, subdivision (a). It reaffirmed that conclusion when it granted the *Lambert* motion and released the stop payment notice. Under these circumstances, the judgment reflected the court's logical application of its rulings.

Even assuming the Bank had to file a separate motion for summary judgment, reversing the judgment on this ground would serve no practical purpose. On remand, the Bank would file a motion, and the trial court would consider the same issue it already resolved. Indeed, before the

6

court entered judgment in the Bank's favor, the court granted the *Lambert* motion and released the stop payment notice. In doing so, the court explained it had already determined the LLC was precluded from recovery on summary judgment. Under these circumstances, there is no reason to disturb the judgment.

## DISPOSITION

The judgment is affirmed. The Bank shall recover its costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.