Filed 11/20/25  Pacific Carpets v. Panku CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PACIFIC CARPETS, LLC,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>PANKU, INC., et al.,<br><br>    Defendants and Respondents. | G063243<br><br>(Super. Ct. No. 30-2022-01245791)<br><br>O P I N I O N |

        Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed.

        Lanak & Hanna and Mac W. Cabal for Plaintiff and Appellant.

        Pierce Kavcioglu Espinosa & Cesar, Tyler J. Cesar, Armenak Kavcioglu, and Aren Kavcioglu for Defendants and Respondents.

                    *        *        *

        Plaintiff Pacific Carpets, LLC (the LLC) filed the underlying action against defendants Panku, Inc.; 2525 Main Apartment, LP (2525 Main); ASD

2

Capital Management, LP; Assured Management, LLC; and Shanghai Commercial Bank, Ltd. to recover compensation for its work on a construction project. Four of the defendants moved for summary judgment and argued, among other things, that the complaint was barred because the LLC did not have a contractor's license for the entire period of its work. The trial court agreed the complaint was barred under Business and Professions Code section 7031, subdivision (a) and granted summary judgment.

The court later granted 2525 Main's motion pursuant to *Lambert v. Superior Court* (1991) 228 Cal.App.3d 383 (*Lambert*),[1] which is the subject of this appeal. By doing so, the court released a mechanic's lien the LLC had recorded against the property and a bonded stop payment notice that the LLC previously served on the project's construction lender.

On appeal, the LLC contends the court erred by granting the *Lambert* motion because the underlying summary judgment ruling was incorrect. The LLC raises the same arguments and issues that it raised in a nonpublished companion appeal. (*Pacific Carpets, LLC v. 2525 Main Apartment, L.P.* (Nov. 20, 2025, G064438) [nonpub. opn.].) In that companion appeal, we affirmed the court's summary judgment ruling. For the same reasons stated at greater length in our opinion in the companion appeal, we affirm the order granting the *Lambert* motion and need not repeat the same facts or arguments here. (*See Pacific Carpets, LLC v. 2525 Main Apartment, L.P.,*

---

[1] Under *Lambert*, a property owner may challenge a mechanic's lien or stop payment notice via motion. (*Lambert, supra*, 228 Cal.App.3d at p. 387.) "A motion to remove a mechanic's lien is recognized as a device that allows the property owner to obtain speedy relief from an unjustified lien or a lien of an unjustified amount without waiting for trial on the action to foreclose the lien." (*Howard S. Wright Construction Co. v. Superior Court* (2003) 106 Cal.App.4th 314, 318.)

*supra*, G064438.)

## DISPOSITION

The order is affirmed. Defendants shall recover their costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.

4