Filed 3/18/13  Hicks/Park v. Park CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HICKS/PARK LLP et al., | B237526 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC458632) |
| v. | |
| GARY W. PARK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Stephen J. Kleifield, Judge.  Affirmed.

Hicks/Gaumer, James B. Hicks, and Christie Gaumer for Plaintiffs and Appellants.

Law Office of Steven R. Lovett, Steven R. Lovett for Defendants and Respondents.

## INTRODUCTION

Plaintiffs James Hicks, an attorney (Hicks), and Hicks/Park LLP (HP) sued Hicks's former law partner in HP, Gary Park (Park); Park's wife; HP's chief financial officer, Casey Park; and others for various causes of action related to the alleged conversion of funds from Hicks' and Park's law practice. Plaintiffs sought a temporary restraining order and preliminary injunction to enjoin defendants from transferring funds and other assets pending trial to prevent fraudulent transfers of significant partnership assets during the pendency of the litigation. The trial court denied preliminary injunctive relief. Plaintiffs appeal from that denial.

## BACKGROUND

Plaintiffs filed an action against Park, Park's wife, Park's relatives, and other entities in which the Parks allegedly had an interest. Plaintiffs alleged that Hicks and Park established the HP law firm in which Hicks had a 60 percent ownership interest and Park a 40 percent ownership interest, although they later agreed to split the profits evenly. They opened an office at 824 Wilshire Boulevard in Los Angeles, an office building owned by Park's family members. Casey Park acted as the office manager. According to plaintiffs, Park and Casey Park "began embezzling money" from HP. Hick suffered a stroke. Park prepared to start his own law firm and diverted clients and assets from HP.

Plaintiff Hicks and HP sought up to $5,000,000 in damages and punitive damages and alleged the following causes of action: Hicks against Park and Casey Park for conversion, fraud against Park and Casey Park for breach of contract, undue influence, and violation of Business and Professions Code section 17200; both plaintiffs against Park for breach of fiduciary duties. Plaintiffs sought a constructive trust, accounting and injunctive relief against all the defendants.

2

Plaintiffs filed 10 lis pendens on a number of properties in which defendants allegedly had an interest. Defendants moved to expunge all the lis pendens on the grounds that claims were either not real property claims or not pleaded with specificity.

Following defendants' demurrer and motion to strike, plaintiffs filed an amended complaint substituting a cause of action called "constructive contract" for the constructive trust cause of action and specified properties over which plaintiffs requested a lien, added a cause of action for declaratory relief, and eliminated one defendant. The theory alleged "constructive contract" cause of action was that HP was, in effect, a lender and thus entitled to a security interest in the properties.

While the motions to expunge lis pendens were pending, plaintiffs, in a relatively perfunctory manner, sought a temporary restraining order and preliminary injunction to prevent the transfer of properties then subject to a lis pendens. The trial court granted the motions to expunge lis pendens and awarded attorney fees. During the hearing on the motions to expunge lis pendens, plaintiffs orally sought leave to amend to add a cause of action for fraudulent transfer. But the trial court said there was no reason to delay a ruling on the motions to expunge because plaintiffs had two opportunities to plead it. The trial court denied the application for a temporary restraining order and order to show cause re preliminary injunction.

Plaintiffs filed a notice of appeal from that order. Plaintiffs refer to various documents filed after the order by the trial court that is the subject of this appeal and after the notice of appeal. Those documents are disregarded.

## DISCUSSION

Plaintiffs claim that the trial court should have enjoined defendants from transferring real property and other assets in order to secure plaintiffs "against the millions of dollars in stolen money from disappearing." Moreover, plaintiffs assert that the trial court erred in denying injunctive relief to prevent fraudulent transfers and to safeguard partnership assets while the litigation is pending.

3

### A. Standard of Review

A denial of a preliminary injunction must be affirmed unless the trial court abused its discretion in denying the preliminary injunction. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69-70.)

### B. No Abuse of Discretion

At the outset, we observe that plaintiffs do not in their opening brief cite to the record in connection with most of the criteria for determining whether or not to grant preliminary injunctions—irreparable injury if a preliminary injunction is not granted and the relative balance of harms that will likely result from the granting or denial of interim injunctive relief. (See *White v. Davis* (2003) 30 Cal.4th 528, 554.) Plaintiffs also do not cite to the record setting forth all relevant evidence concerning the likelihood of prevailing on the merits. (*King v. Meese* (1987) 43 Cal.3d 1217, 1226.) An appellant is required to provide "a summary of significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(2)(c).) Most citations are to filings after the trial court's order that is the basis for the appeal. Moreover, plaintiffs do not set forth sufficiently reasoned arguments with appropriate legal citations. On appeal, we begin with the presumption that the order of the trial court is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) An appellant must show reversible error by an adequate record and with citations to the record to direct the court to the relevant evidence or other matters in the record that show reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; Cal. Rules of Court, rule 8.204(a)(1); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) "An appellate court is not required to search the record to determine whether or not the record supports appellants' claim of error. It is the duty of counsel to refer the reviewing court to the portions of the record which support appellants' position. [Citations.]" (Green v. City of Los Angeles (1974) 40 Cal.App.3d 819, 835.)

""""[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived,

4

and pass it without consideration. [Citations.]" (9 Witkin, Cal. Procedure, (3d ed. 1985) Appeal, § 479, p. 469 …)' (People v. Stanley (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481].)" (People v. Hovarter (2008) 44 Cal.4th 983, 1029; see *People v. Dougherty* (1982) 138 Cal.App.3d 278, 283.) Also, plaintiffs did not include in the record all of the operative pleadings, which can result in our considering the record inadequate.

In connection with the motion to expunge the lis pendens, plaintiffs submitted evidence that defendants Park and Casey Park "embezzled" funds and that the funds ended up in real properties in which defendants had an interest. Plaintiffs asserted that defendants "<u>are trying to divest these properties right now</u> through either real or collusive sales." The evidence (based on requests for judicial notice) to support that assertion is a "Zillow.com sales listing for a residential house, and grant deeds showing transfers of properties by Casey Park to presumably Park relatives. But there is evidence that the listing was removed. And the properties in question were acquired before the law partnership was formed, thus suggesting that the monies in question were not used to acquire the properties. The evidence cited may suggest that the alleged embezzled funds were used to improve those properties. Using "ill-gotten proceeds" to improve the property, however, does not justify a lis pendens on the property. (See *Burger v. Superior Court* (1984) 151 Cal.App.3d 1013, 1018.)

The trial court granted the motions to expunge the lis pendens based on the proposition that this case did not affect title or possession of the real properties. (See *Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 913.) A party may not record a lis pendens "'to freeze the real property as a res from which to satisfy a money judgment.'" (*Id.* at p. 918.)

Plaintiff sought the injunctive relief pending the decision on the motions to expunge and in the event the motions were granted. There is no showing that award of monetary damages were not adequate. Such a showing is necessary to obtain injunctive relief. (See 6 Witkin, Cal. Procedure (5th ed.2008) Provisional Remedies, § 294, pp. 234-235.) Moreover, the trial court reasonably could conclude that plaintiffs have not

5

shown the risk of irreparable harm if the relief is not granted or that a threatened act would render any judgment "ineffectual." (Code Civ. Proc., § 526, subd. (a)(2), (3).) Plaintiffs point to no evidence as to the financial condition of defendants. The trial court also could have concluded that there was no showing that plaintiffs will obtain eventual relief that will result in the transfer of title or possession of real property. (See *Heckmann v. Ahmanson* (1985) 168 Cal.App.3d 119, 136-138 [constructive trust].) Based on the allegations of plaintiffs' amended complaint, plaintiffs do not seek such relief.

In *Wind v. Herbert* (1960) 186 Cal.App.2d 276, 283 (*Wind*) the court dealt with the requirement of irreparable injury for injunctive relief. In *Wind,* the plaintiffs claimed that a member of their limited partnership had violated the terms of the partnership agreement by setting up bank accounts that allowed him to make withdrawals without any additional signatures. The plaintiffs also alleged that the defendant had taken unauthorized amounts from the partnership. (*Id.* at pp. 280-282.) The trial court issued an injunction ancillary to a dissolution proceeding and accounting, prohibiting the defendant from using bank accounts without the added signatures. With respect to the contention that the plaintiffs failed to show irreparable injury because the alleged harm could be compensated for in damages after trial, the court found that the wrongs complained of "were obviously of a 'repeated and continuing character'" and that injunctive relief was therefore justified in order to maintain the status quo. (*Id.* at pp. 285-286.) Unlike in the instant case, the plaintiffs in *Wind* had made a showing of tangible harm such that the trial court "could, and undoubtedly did, weigh the probable injury which would ensue to plaintiffs by denying the temporary relief as against the absence of probable injury which would accrue to the defendants by granting it." (*Id.* at p. 284.) Moreover, the trial court in *Wind* "could further have determined that [the allegedly improper] disbursements could not be adequately traced and that the accounting ordered by the court incident to dissolution of the partnership might not fully disclose the damages suffered by plaintiffs." (*Id.* at p. 285.) Plaintiffs have not *established* such a danger in the instant case.

When, as here, "a trial court denies an application for a preliminary injunction, it implicitly determines that the plaintiffs have failed to satisfy either or both of the 'interim harm' and 'likelihood of prevailing with the merits' factors." (*Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 286.) We may imply these findings in a summary denial of a preliminary injunction. Based on the record, we hold that there is no showing that the trial court abused its discretion in denying the application for a preliminary injunction.

An order granting or denying preliminary relief reflects nothing more than the trial court's evaluation of the controversy on the record before it at the time of its ruling; the order "is not an adjudication of the ultimate merits of the dispute." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109; *Cohen v. Board of Supervisors, supra,* 40 Cal.3d at p. 286.) Plaintiffs are entitled to proceed to trial to prove the allegations of their complaint. (*Butt v. State of California* (1992) 4 Cal.4th 668, 678, fn. 8.) We hold only that the plaintiffs have not established in their briefs or by the record that the trial court abused its discretion in denying the request for a preliminary injunction.

## DISPOSITION

The order denying a preliminary injunction is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MOSK, J.


We concur:


ARMSTRONG, Acting P. J.


KRIEGLER, J.

8